UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ AND<br>ELISE SCHWARTZ | : | |
| vs. | : | C.A. No. 05-104L |
| AMERICAN STANDARD, INC., et al. | : | |

**ANSWER, AFFIRMATIVE DEFENSES, AND CROSS-CLAIM**
**OF DEFENDANT ECKEL INDUSTRIES, INC. TO AMENDED COMPLAINT**

Defendant Eckel Industries, Inc. (hereinafter referred to as "Eckel") hereby answers the Amended Complaint as follows:

1. Eckel is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

2. Denied.

2a-i. Denied.

2j. Admitted as to Eckel Industries being a Massachusetts corporation with its principal place of business in Cambridge, MA. Denied as to the remainder of the paragraph.

2k-am. Denied.

3. Denied.

4. Eckel is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

5. Denied.

**COUNT I**

Eckel hereby incorporates by reference the answers to paragraphs 1 through 5 as though the same were fully set forth herein at length.

3

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Eckel demands judgment in its favor.

**COUNT II**

Eckel hereby incorporates by reference the answers to paragraphs 1 through 29 as though the same were fully set forth herein at length.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Eckel demands judgment in its favor.

**COUNT III**

Eckel hereby incorporates by reference the answers to paragraphs 1 through 33 as though the same were fully set forth herein at length.

34. Denied.

WHEREFORE, Eckel demands judgment in its favor.

**COUNT IV**

Eckel hereby incorporates by reference the answers to paragraphs 1 through 34 as though the same were fully set forth herein at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, Eckel demands judgment in its favor.

**COUNT V**

Eckel hereby incorporates by reference the answer to paragraphs 1 through 38 as though the same were fully set forth herein at length.

39. Denied.

WHEREFORE, Eckel demands judgment in its favor.

**COUNT VI**

The allegations in this Count are addressed to a Defendant other than Eckel, therefore, no answer is required. But, in the event that any allegations contained in this Count are deemed relevant to the Eckel, the same are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Eckel is not guilty of negligence.

**THIRD AFFIRMATIVE DEFENSE**

Eckel is not guilty of breach of duty.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by comparative or contributory negligence.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged incident was caused by conditions over which Eckel had no control.

**SIXTH AFFIRMATIVE DEFENSE**

Eckel at all times acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Whatever damages incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom Eckel had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, the knowledge of Plaintiffs' employer(s) was superior to that of Eckel with respect to possible health hazards associated with Plaintiffs' employment, and, therefore, if there was any duty to warn Plaintiffs or provide protection to them, it was the duty of said employer(s), not of Eckel, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

In the event that it is shown that Plaintiffs used any product or material, as alleged in the Amended Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs and their employer(s) were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof which seek an award of exemplary or punitive damages fail to state a claim against Eckel upon which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Eckel's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Eckel's right to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Eckel's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Eckel's right to protection from "excessive fines" as provided in Article I, Section 8 of the Constitution of the State of Rhode Island.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The actions of Eckel were within its rights under the First Amendment to the United States Constitution. Article I, Section 20 of the Constitution of the State of Rhode Island.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs should have taken action to minimize or eliminate damages, and therefore, Plaintiffs are precluded from recovering damages by operation of the Doctrine of Avoidable Consequences.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Eckel did not authorize, approve, or ratify the acts or omissions attributed to it in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from prosecuting this action inasmuch as the action was not commenced within the time period allowed by the provisions of the Statute of Limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs voluntarily and unreasonably exposed themselves to known risk.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant did not violate any duty or rule imposed by reason of the principle of strict liability in tort.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

While it is denied that Eckel supplied any material with which Plaintiffs had any contact, if it is proven to the contrary, it is Eckel's position that all such material was manufactured, supplied and delivered in accordance with government specifications.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred under the Doctrine of Laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by Application of Worker's Compensation Law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Eckel avers that the Amended Complaint is barred by the applicable Statutes of Limitation and Repose.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claim for alleged breaches of warranties, Eckel avers that such claims are barred by reason of the Plaintiffs' failure to give reasonable notice of the alleged breaches as required by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claims for alleged breaches of warranties, Eckel avers that such claims are barred by reason of lack of privity.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Eckel avers that the process and/or service of process is insufficient.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Eckel has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Amended Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiffs.

**THIRTIETH AFFIRMATIVE DEFENSE**

Eckel avers that if Plaintiffs had settled with and/or released other defendants or entities who are tortfeasors, Defendant Eckel is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiffs' Amended Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over Eckel with respect to each and every Count contained in Plaintiffs' Amended Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not persons whom Eckel could reasonably have expected to use, consume, or be affected by its products.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The injuries complained of by the Plaintiffs are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiffs and exposure to other particulates in the environment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

There was no privity of contract between Eckel and Plaintiffs.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

An action for breach of warranty was not available to Plaintiffs during the period of the allegedly injurious exposure to, use of, or contact with products allegedly distributed by Eckel.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for failure of the Plaintiffs to give notice to Eckel of any alleged breach.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

No warranty of any kind was extended to Plaintiffs in this matter.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Eckel never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

**FORTIETH AFFIRMATIVE DEFENSE**

Applicable law provided no basis for the assertion of express warranty in favor of Plaintiffs at the time when any sale or transfer of Eckel's products containing asbestos is alleged to have taken place.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

**FORTY-SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs fail to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by Plaintiffs.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

If Plaintiffs establish any exposure to Eckel's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products

caused Plaintiffs claimed injuries.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The venue selected by the Plaintiffs is improper.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

If it is proven at trial that products distributed by Eckel were furnished as alleged to Plaintiffs' employers and said products were used in the fashion alleged, which is specifically denied, then any product distributed or processed by Eckel which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Eckel avers that the state of the medical and scientific knowledge regarding asbestos-containing products and/or their contents, at all times material hereto, was such that the Eckel never knew nor could have known that its product presented any risk or harm to the Plaintiffs if such product were properly used.

**CROSS-CLAIM AND ANSWER TO CROSS CLAIM**

Eckel hereby asserts this cross-claim against its codefendants accordingly:

1. The Plaintiffs have commenced an action against Eckel for damages allegedly arising from the circumstances of Plaintiff John Schwartz's alleged exposure to asbestos or asbestos-containing products allegedly distributed, supplied or sold by Eckel. Furthermore, in this action the Plaintiffs have made a claim against Eckel's codefendants for damages allegedly arising from the circumstances of Plaintiffs' alleged exposure to asbestos or asbestos-containing products allegedly manufactured, distributed, supplied or sold by the codefendants. Reference to the Plaintiffs' complaint and any amendments thereto is hereby made for a more detailed statement of the damages claimed by Plaintiffs.

2. Plaintiffs have alleged that Eckel and its codefendants are liable for the damages claimed under theories of negligence, failure to warn or other fault, breach of warranty, and loss of consortium. Reference to Plaintiffs' Complaint and any amendments thereto is hereby made for a more detailed statement of the theories of liability relied upon by the Plaintiffs.

3. The damages, if any, claimed by the Plaintiffs were not caused by any negligence or other fault, breach of warranty, or issuance of a defective or unreasonably dangerous product of Eckel but were caused in whole or in part by the negligence or other fault, breach of warranty, or issuance of a defective or unreasonably dangerous product by the codefendants.

4. Eckel expressly denies any liability to the Plaintiffs but in the event that Eckel should be found liable to the Plaintiffs, then Eckel is entitled to judgment against its codefendants by way of contribution and indemnity in an amount sufficient to reimburse Eckel for all or part of any judgment entered against Eckel and in favor of the Plaintiffs, including costs and reasonable attorneys' fees.

5. This cross-action is specifically made subject to such other claims for contribution and/or indemnity as Eckel may have pending against one or more of these cross-codefendants in this or other jurisdictions.

6. Pursuant to the order entered December 3, 1996 by Gibney, J. of the Rhode Island Superior Court in In Re Asbestos Litigation, C.A. No. 96-9999, the Defendant, Eckel Industries, Inc. hereby adopts the Model Answer of all Defendants and Third-Party Defendants to Cross-Claims of Defendant/Cross-Claim Plaintiff.

WHEREFORE, Eckel, as cross-claimant, respectfully demands judgment against its codefendants, jointly and severally, for contribution and/or indemnification toward any and all

sums awarded to the Plaintiffs from Eckel, including reasonable attorneys fees and costs incurred by Eckel and/or its insurers in the above-captioned proceeding.

WHEREFORE, Eckel demands that Plaintiffs' Amended Complaint be dismissed and Eckel awarded its costs.

DEFENDANT
ECKEL INDUSTRIES, INC.
By its Attorneys,

Timothy J. Dodd
215 Broadway
Providence, Rhode Island 02903
(401) 272-3900
Rhode Island Federal Bar #3150
Dated: May 12, 2005

and

David M. Governo
David A. Goldman
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110
(617) 737-9045

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on May 12, 2005 to attorney for the plaintiffs:

James F. Early, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, P.O. Box 1866
New Haven, CT 06508-1866

Timothy J. Dodd