287443

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN SCHWARTZ AND ELISE SCHWARTZ<br>Plaintiffs,<br><br>v.<br><br>AURORA PUMP COMPANY, ET AL.<br>Defendants. | C.A. No. 05-104L |

**ANSWER OF THE DEFENDANT, AURORA PUMP COMPANY,**
**<u>TO THE PLAINTIFFS' AMENDED COMPLAINT</u>**

The defendant, Aurora Pump Company, pursuant to Fed. R. Civ. P. 8(b), hereby denies each and every allegation of liability on the part of this defendant contained in the plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation contained in the plaintiffs' Complaint not specifically admitted to above, the defendant states for its affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

The defendant denies each and every material allegation of the Complaint except as specifically admitted.

### SECOND AFFIRMATIVE DEFENSE

The defendant denies that the plaintiffs are entitled to the damages claimed or to the relief demanded.

### THIRD AFFIRMATIVE DEFENSE

The defendant states that the causes of action alleged in the plaintiffs' Complaint were not brought within the time limited by statute for commencement of such actions.

12

**FOURTH AFFIRMATIVE DEFENSE**

The defendant states that the Court lacks personal jurisdiction over the defendant pursuant to applicable statutes.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant states that the Court lacks subject matter jurisdiction over the causes of action alleged in plaintiffs' Complaint pursuant to applicable statutes.

**SIXTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' Complaint fails to state causes of action for conspiracy, sale by fraud or deceit, negligence, breach of warranty, strict tort liability, market share liability, wrongful death, reckless conduct, loss of consortium, and exemplary or punitive damages upon which relief could be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendant states the plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and has further omitted to states any reasons for such failure.

**EIGHTH AFFIRMATIVE DEFENSE**

The defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

**NINTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiff-worker willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

**TENTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' claims against the defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of the defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act the defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiff-worker was not in the exercise of due care, but rather the negligence of the plaintiff-worker contributed to or caused the injury or damage complained of, and therefore, the recovery of the plaintiffs are barred in whole or in part, or is subject to diminution.

**TWELFTH AFFIRMATIVE DEFENSE**

The defendant states that the injuries and damage complained of were caused in whole or in party by the negligence of the plaintiff-worker or his servants or agents, such that he is guilty of contributory negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The defendant states that any exposure of the plaintiff-worker to the defendant's product or products, which exposure the defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused the claimed injuries.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' claims are barred by the equitable doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The defendant states that at no time did it enter into any contracts with either of the plaintiffs and denies that privity of contract existed between either of the plaintiffs and the defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

The defendant gave no warranties, express or implied, to the plaintiffs or to anyone acting on their behalf.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that process and/or service of process was insufficient.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The defendant states that if there were express or implied warranties as alleged in the Complaint (allegations which the defendant specifically denies) the plaintiff-worker was not within the scope of any such alleged warranties was and no sale to the plaintiff-worker ever occurred of any produce sold or distributed by the defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiffs' claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred.

## TWENTIETH AFFIRMATIVE DEFENSE

The defendant states that if the defendant's agents or servants made any express warranties (allegations which the defendant specifically denies) then the agents or servants of the defendant did so without authority express or implied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant states that if the defendant, its agents or servants made any warranties, express or implied (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The defendant states that if the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff-worker did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff-worker.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The defendant states that the failure of the plaintiffs to give the required statutory notice of the alleged breaches of warranties to the defendant resulted in delay and prejudice to the defendant in this case and therefore, the plaintiffs cannot recover.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The defendant states that neither of the plaintiffs was a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, the plaintiffs cannot recover in this action.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The defendant states that if it failed to perform any of its agreements contained in any instrument, all of which is specifically denied, it was excused from the performance of such agreements.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

The defendant states that if it was liable, negligent or in breach of any warranty, all of which it expressly denies, the defendant's liability in any of all of those events has been terminated by the intervening acts, omissions, or negligence of others for whose conduct the defendant is not legally responsible.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The defendant states that if the plaintiffs prove that the plaintiff-worker was injured as alleged, said injuries were caused by the intervening and/or superseding acts of third persons for whom the defendant is not liable.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiff-worker's employer or employers were negligent with respect to the matter set forth in the Complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which plaintiff-worker may have sustained, as set forth in the Complaint, and that plaintiff-worker received workmen's compensation benefits from his employers or employers.

Therefore, even if plaintiffs are entitled to recover against the defendant, which defendant specifically denies, they are not entitled to recover in the amount set forth in the Complaint because defendant is entitled to set off any and all of the aforesaid workmen's compensation payments against any judgment which might be rendered in the plaintiffs' favor.

**THIRTIETH AFFIRMATIVE DEFENSE**

The defendant states that pursuant to 33 U.S.C. § 905, as amended, the plaintiffs' exclusive remedy is either under the Longshoremen's and Harbor Workers' Compensation Act, or the Rhode Island Workmen's Compensation Act, and therefore, the plaintiffs are barred from recovery in this action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' claims are barred by estoppel or waiver.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The defendant denies that any product manufactured or sold by the defendant caused any injury to the plaintiff-worker.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery and/or sale, in any asbestos product or material referred to in the plaintiffs' Complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff-worker and/or persons without the defendant's knowledge and approval redesigned, modified, altered and used the defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which the defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment of change and not from any act or omission by the defendant. Therefore, said defect, if any, was created by the plaintiff-worker and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any that the plaintiff-worker allegedly suffered.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff-worker and/or other persons used defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to the defendant, and for a purpose for which the products were not intended, manufactured, or designed; plaintiff-worker's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the plaintiff-worker and/or such other parties and persons.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The defendant states that if it supplied any asbestos product, either directly or indirectly, to the plaintiff-worker's employer, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, other persons and/or entities.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The defendant states that any asbestos containing products containing asbestos manufactured sold by the defendant which give rise to plaintiffs' claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of the defendant, and by reason thereof, the defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design and manufacture of asbestos-containing products were such that the defendant neither knew nor should have known that its products presented a significant risk of harm to the plaintiff-worker.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiff-worker failed to mitigate damages and the plaintiffs are, therefore, barred from recovery.

**FORTIETH AFFIRMATIVE DEFENSE**

The defendant states that if the plaintiff-worker was a user of tobacco products, such use contributed to any lung disease from which the plaintiff-worker suffered and further, the defendant states that the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards, the plaintiff-worker knew or should have known, may have adversely affected his health.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The defendant states that the alleged injury or damage sustained as a result of the occupation of the plaintiff-worker was an occupational disease and accordingly defendant is not liable or responsible for any occupational disease which was suffered or sustained by plaintiff-worker in the course of his employment over a number of years.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

The defendant states that the utility of the products manufactured by the defendant outweigh the danger allegedly involved, and therefore, the plaintiffs' claims are barred as a matter of public policy.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

The defendant states that since the plaintiffs are unable to identify the supplier of the asbestos which allegedly caused injury to the plaintiff-worker, they fail to state a cause of action upon which relief can be granted, since, if such relief was granted, it would contravene the defendant's constitutional rights to substantive and procedural due process of law as preserved by the 14th Amendment to the United States Constitution and by the applicable provision of the States Constitution and would contravene defendant's constitutional rights to protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

The defendant states that if the plaintiffs have heretofore settled or should hereafter settle for any of their alleged injuries and damages with any parties, then the defendant is entitled to a credit in the amount of said settlement.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

The defendant states that the Complaint fails to states any claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

The defendant states that an award of punitive damages against any of the defendant in these causes would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

The defendant states that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff-worker or his servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damage was sustained.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

These defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiffs, or malice (actual, legal or otherwise) on the part of the defendant as to the plaintiffs.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

The defendant states that the plaintiffs' claims are barred by the Statute of Repose.

**THE DEFENDANT DEMANDS A TRIAL BY JURY.**

The Defendant,
Aurora Pump Company,
By its Attorneys,

[signature]

Craig R. Waksler, Esq.
R.I. Bar No. 4945
Andrew C. Coulam
R.I. Bar No. 6884
TAYLOR, DUANE, BARTON & GILMAN, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903
(401) 273-7171
(401) 273-2904 (fax)

**CERTIFICATE OF SERVICE**

I, Andrew C. Coulam hereby certify that on May 23 , 2005, I mailed a copy of the following:

1. Notice of Appearance; and
2 Answer of Defendant, Aurora Pump Company to the Plaintiffs' Complaint.

by regular mail, postage prepaid, to:

All Counsel on the attached service list.

Andrew C. Coulam

**SERVICE LIST**

Richard B. Kirby, Esq.
Francis M. Lynch, Esq.
Matthew C. Oleyer, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110

John Mahoney, Esq.
Elaine Gianni, Esq.
Asquith, Mahoney & Robinson
155 South Main Street, 2nd Floor
Providence, RI 02903

Peter F. Mathieu, Esq.
Dennis S. Baluch, Esq.
Baluch, Gianfrancesco,
Mathieu & Szerlag
155 South Main Street
Providence, RI 02903

David H. Stillman, Esq.
Stillman & Associates, P.C.
51 Mill Street, Suite 5
Hanover, MA 02339

Thomas W. Lyons
Strauss, Factor, Laing & Lyons
222 Richmond Street, Suite 208
Providence, RI 02903

Kelly Jordan-Price, Esq.
Hinckley, Allen & Snyder
28 State Street
Boston, MA 02109-1775

David Stackpole, Esq.
Stackpole & French
P.O. Box 819
Maple Avenue
Stowe, VT 05672

Andrew J. Murray, Esq.
Holland & Knight, LLP
One Financial Plaza, Suite 1800
Providence, RI 02903

Lawrence G. Cetrulo, Esq.
Jennifer Whelan, Esq.
Cetrulo & Capone
Two Seaport Lane
Boston, MA 02110

Kenneth R. Neal, Esq.
John Robinson, Esq.
Danaher, Tedford,
Lagnese & Neal
700 Capitol Place
21 Oak Street
Hartford, CT 06106-8000

James McKenna, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903

Michael Marcello, Esquire
Morrison, Mahoney, LLP
One Providence Washington Plaza
6th Floor
Providence, RI 02903

Staci L. Kolb, Esq.
Blish & Cavanaugh
30 Exchange Terrace
Providence, RI 02902

Catherine A. Mohan, Esq.
Jeff Thomen, Esq.
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

Dennis M. Duggan, Jr., Esq.
Nixon Peabody, LLP
100 Summer Street
Boston, MA 02110

William Purdue, Esq.
Daniel P. McKiernan, Esq.
Morrison Mahoney LLP
One Providence Washington
Plaza, 6th Floor
Providence, RI 02903-7141

John Manning, Esq.
Brian Gross, Esq.
Jonathan Tabasky, Esq.
Cooley Manion Jones, L.L.P.
21 Custom House Street
Boston, MA 02110-3536

Mark O. Denehy, Esq.
Stephen Armato, Esq.
Adler, Pollack & Sheehan
One Hospital Trust Tower
Providence, RI 02903

Peter J. Rubin, Esq.
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, MA 04101-5029

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
One Turks Head Place, Suite 1050
Providence, RI 02901-1516

John W. Kershaw, Esq.
Rice Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

Judith Perritano, Esq.
Pierce, Davis, Fahey & Perritano
10 Winthrop Square
Boston, MA 02110-1257

Raymond A. LaFazia, Esq.
Gunning & LaFazia, Inc.
56 Pine Street
Providence, RI 02903

David M. Governo, Esq.
Governo Law Firm, LLC
260 Franklin Street
Boston, MA 02110

Kevin C. Glavin, Esq.
Cutcliffe Glavin & Archetto
155 South Main Street, Suite 300
Providence, RI 02903

Paul Reynolds, Esq.
Boyer, Reynolds & DeMarco, LTD
170 Westminster Street, Suite 200
Providence, RI 02903

A. Bernard Guekguezian, Esq.
George E. Wakeman, Esq.
Jennifer Boyd Herlihy, Esq.
Adler, Cohen, Harvey, Wakeman & Guekguezian
230 Congress Street
Boston, MA 02110

Robert Sweeney, Esq.
John Deaton, Esq.
Early, Ludwick & Sweeney
Century Towers, 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Randall Souza, Esq.
Nixon Peabody LLP.
One Citizens Plaza
Providence, RI 02903

Paul F. Lynch, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

Robert J. Quigley, Jr., Esq.
McKenney, Jeffrey & Quigley
95 Chestnut Street
Providence, RI 02903

Justin T. Shay, Esq.
Cameron & Mittleman
56 Exchange Terrace
Providence, RI 02903

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

Vincent L. Greene, Esq.
Motley Rice, LLC
321 South Main Street
Providence, RI 02940-6067

James Sloan, III Esquire
Gardner, Sawyer, Gates& Sloan
1309 Turks Head Building
Providence, RI 02903

James Purcell, Esq.
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903

Michael Chefitz, Esq.
Gilberg, Kurant & Kiernan
One Liberty Square
Boston, MA 02109

Dos Ubanski, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Charles K. Mone, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza
Boston, MA 02129

Patricia A. Sullivan, Esq.
Stephen J. MacGillvray, Esq.
Paul E. Dwyer, Jr., Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

John J. McConnell, Jr., Esq.
Motley Rice, LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

Mr. Francis E. Ducharme
E. Turgeon Construction Corp.
One Harry Street
Precedence, RI 02907

William F. Mueller, Esq.
Clemente, Mueller & Tobia, P.A.
P. O. Box 1296
Morristown, NJ 07962

Scott Peterson, Esq.
Healy & Healy
151 Walmut Street, Suite 400
Wellesley Hills, MA 02481