**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

JOHN SCHWARTZ AND
ELISE SCHWARTZ

vs. C.A. No. 05-104L

AMERICAN STANDARD, INC., et al.

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT BUFFALO PUMPS, INC. TO AMENDED COMPLAINT**

Defendant Buffalo Pumps, Inc. (hereinafter referred to as "Buffalo") hereby answers the Amended Complaint as follows:

1. Buffalo is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

2. Denied.

2a-c. Denied.

2d. Admitted as to Buffalo Pumps, Inc. being a New York corporation with its principal place of business in the state of New York. Denied as to the remainder of the paragraph.

2e-am. Denied.

3. Denied.

4. Buffalo is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

5. Denied.

13

## COUNT I

Buffalo hereby incorporates by reference the answers to paragraphs 1 through 5 as though the same were fully set forth herein at length.

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.
8. Denied.
9. Denied.
10. Denied.
11. Denied.
12. Denied.
13. Denied.
14. Denied.
15. Denied.
16. Denied.
17. Denied.
18. Denied.
19. Denied.
20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Buffalo demands judgment in its favor.

**COUNT II**

Buffalo hereby incorporates by reference the answers to paragraphs 1 through 29 as though the same were fully set forth herein at length.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Buffalo demands judgment in its favor.

**COUNT III**

Buffalo hereby incorporates by reference the answers to paragraphs 1 through 33 as though the same were fully set forth herein at length.

34. Denied.

WHEREFORE, Buffalo demands judgment in its favor.

**COUNT IV**

Buffalo hereby incorporates by reference the answers to paragraphs 1 through 34 as though the same were fully set forth herein at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, Buffalo demands judgment in its favor.

**COUNT V**

Buffalo hereby incorporates by reference the answer to paragraphs 1 through 38 as though the same were fully set forth herein at length.

39. Denied.

WHEREFORE, Buffalo demands judgment in its favor.

**COUNT VI**

The allegations in this Count are addressed to a Defendant other than Buffalo, therefore, no answer is required. But, in the event that any allegations contained in this Count are deemed relevant to the Buffalo, the same are denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Amended Complaint fails to state a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

Buffalo is not guilty of negligence.

**THIRD AFFIRMATIVE DEFENSE**

Buffalo is not guilty of breach of duty.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by comparative or contributory negligence.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged incident was caused by conditions over which Buffalo had no control.

**SIXTH AFFIRMATIVE DEFENSE**

Buffalo at all times acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Whatever damages incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom Buffalo had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, the knowledge of Plaintiffs' employer(s) was superior to that of Buffalo with respect to possible health hazards associated with Plaintiffs' employment, and, therefore, if there was any duty to warn Plaintiffs or provide protection to them, it was the duty of said employer(s), not of Buffalo, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

In the event that it is shown that Plaintiffs used any product or material, as alleged in the Amended Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs and their employer(s) were sophisticated users of products containing asbestos

and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof which seek an award of exemplary or punitive damages fail to state a claim against Buffalo upon which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Buffalo's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Buffalo's right to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or punitive damages violate Buffalo's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims in the Amended Complaint and each Count thereof that seek exemplary or

punitive damages violate Buffalo's right to protection from "excessive fines" as provided in Article I, Section 8 of the Constitution of the State of Rhode Island.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The actions of Buffalo were within its rights under the First Amendment to the United States Constitution. Article I, Section 20 of the Constitution of the State of Rhode Island.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs should have taken action to minimize or eliminate damages, and therefore, Plaintiffs are precluded from recovering damages by operation of the Doctrine of Avoidable Consequences.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Buffalo did not authorize, approve, or ratify the acts or omissions attributed to it in the Amended Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from prosecuting this action inasmuch as the action was not commenced within the time period allowed by the provisions of the Statute of Limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs voluntarily and unreasonably exposed themselves to known risk.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant did not violate any duty or rule imposed by reason of the principle of strict liability in tort.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

While it is denied that Buffalo supplied any material with which Plaintiffs had any contact, if it is proven to the contrary, it is Buffalo's position that all such material was

manufactured, supplied and delivered in accordance with government specifications.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred under the Doctrine of Laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by Application of Worker's Compensation Law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Buffalo avers that the Amended Complaint is barred by the applicable Statutes of Limitation and Repose.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claim for alleged breaches of warranties, Buffalo avers that such claims are barred by reason of the Plaintiffs' failure to give reasonable notice of the alleged breaches as required by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claims for alleged breaches of warranties, Buffalo avers that such claims are barred by reason of lack of privity.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Buffalo avers that the process and/or service of process is insufficient.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Buffalo has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Amended Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiffs.

**THIRTIETH AFFIRMATIVE DEFENSE**

Buffalo avers that if Plaintiffs had settled with and/or released other defendants or entities who are tortfeasors, Defendant Buffalo is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiffs' Amended Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over Buffalo with respect to each and every Count contained in Plaintiffs' Amended Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs are not persons whom Buffalo could reasonably have expected to use, consume, or be affected by its products.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The injuries complained of by the Plaintiffs are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiffs and exposure to other particulates in the environment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

There was no privity of contract between Buffalo and Plaintiffs.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

An action for breach of warranty was not available to Plaintiffs during the period of the allegedly injurious exposure to, use of, or contact with products allegedly distributed by Buffalo.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for failure of the Plaintiffs to give notice to Buffalo of any alleged breach.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

No warranty of any kind was extended to Plaintiffs in this matter.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Buffalo never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

**FORTIETH AFFIRMATIVE DEFENSE**

Applicable law provided no basis for the assertion of express warranty in favor of Plaintiffs at the time when any sale or transfer of Buffalo's products containing asbestos is alleged to have taken place.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

**FORTY-SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs fail to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by Plaintiffs.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

If Plaintiffs establish any exposure to Buffalo's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products

caused Plaintiffs claimed injuries.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The venue selected by the Plaintiffs is improper.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

If it is proven at trial that products distributed by Buffalo were furnished as alleged to Plaintiffs' employers and said products were used in the fashion alleged, which is specifically denied, then any product distributed or processed by Buffalo which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Buffalo avers that the state of the medical and scientific knowledge regarding asbestos-containing products and/or their contents, at all times material hereto, was such that the Buffalo never knew nor could have known that its product presented any risk or harm to the Plaintiffs if such product were properly used.

WHEREFORE, Buffalo demands that Plaintiffs' Amended Complaint be dismissed and Buffalo awarded its costs.

DEFENDANT
BUFFALO PUMPS, INC.
By its Attorneys,

Timothy J. Dodd /djd

Timothy J. Dodd
215 Broadway
Providence, Rhode Island 02903
(401) 272-3900
Rhode Island Federal Bar #3150
Dated: May 25, 2005

and /s/ David A. Goldman

David M. Governo
David A. Goldman
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110
(617) 737-9045

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed on May 25, 2005 to attorney for the plaintiffs:

James F. Early, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, P.O. Box 1866
New Haven, CT 06508-1866

/s/ Timothy J. Dodd /djd
Timothy J. Dodd