JAC:pac \pleading\68438Answer.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN SCHWARTZ and ELISE SCHWARTZ :
:
VS. : C. A. NO. 05-104L
:
AMERICAN STANDARD, INC., ET AL :

## ANSWER OF DEFENDANT, THE FALK CORPORATION, TO THE PLAINTIFFS' AMENDED COMPLAINT

1. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 1 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

2(a-2am). The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 2 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

3. Denied.

4. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 4 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

5. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 5 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

## FIRST COUNT

The defendant incorporates its answers to paragraphs 1 through 5 as if expressly set forth herein.

6. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 6 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

7. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 7 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

8. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 8 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

9. Denied.

10. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 10 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

11. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 11 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

12. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 12 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

13(a-h). Denied.

14. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 14 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

15. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 15 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

16. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 16 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

17. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 17 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

18. The defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in paragraph 18 of the plaintiffs' amended complaint and, therefore, leaves the plaintiffs to their burden of proof.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29(a-j). Denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

## SECOND COUNT

The defendant incorporates its responses to paragraphs 1 through 29 of the plaintiffs' amended complaint as if expressly set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

## THIRD COUNT

The defendant incorporates its responses to paragraphs 1 through 33 of the plaintiffs' amended complaint as if expressly set forth herein.

34. Denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

**FOURTH COUNT**

The defendant incorporates its responses to paragraphs 1 through 34 of the plaintiffs' amended complaint as if expressly set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

**FIFTH COUNT**

The defendant incorporates its responses to paragraphs 1 through 38 of the plaintiffs' amended complaint as if expressly set forth herein.

39. Denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

**SIXTH COUNT**

The defendant incorporates its responses to paragraphs 1 through 39 of the plaintiffs' amended complaint as if expressly set forth herein.

40-43. The allegations contained in paragraphs 40 through 43 are directed to a defendant other than this defendant and, therefore, require no response. To the extent that such paragraphs allege tortious or otherwise wrongful conduct on the part of this defendant, said allegations are denied.

WHEREFORE, the defendant demands judgment against the plaintiffs, plus interest and costs.

## AFFIRMATIVE DEFENSES

1. This Court lacks personal jurisdiction over this defendant.

2. Plaintiffs were comparatively and/or contributorily negligent and plaintiffs' recovery, if any, must be reduced accordingly.

3. The complaint fails to state a cause of action upon which relief may be granted.

4. At all times, this defendant acted reasonably and with due care towards the plaintiffs and was not negligent.

5. Plaintiffs' injuries and damages, if any, are attributable, at least in part, to persons, entities, or causes other than this defendant's alleged tortious conduct pursuant to Section 433A of the Restatement [Second] of Torts.

6. Plaintiffs failed to mitigate damages and their recovery must be reduced or denied accordingly.

7. Plaintiffs were not purchasers of defendant's products, so the defendant owed no duty to warn and/or had no continuing post-purchase duty to warn of the alleged hazards and risks of the products.

8. Plaintiffs' injuries and damages resulted from the superseding and intervening acts or the fault of other parties over whom this defendant had no control and for whose actions this defendant is not liable.

9. The concept of strict liability does not apply to this litigation.

10. The plaintiffs assumed the risks of the injuries and, therefore, plaintiffs' recovery, if any, must be denied.

11. At all relevant times, this defendant complied with all applicable laws, ordinances, regulations and standards.

12. Plaintiffs were not in privity with this defendant, and plaintiffs may not recover upon any alleged breach of any alleged warranty, express or implied.

13. The plaintiffs' action is barred by the applicable statutes of limitations and/or statutes of repose.

14. The plaintiffs' action is barred by the doctrines of estoppel, laches and/or waiver.

15. In the event that any product manufactured or supplied by this defendant is determined to have been dangerous, this defendant was unaware of that danger and discovery of it was beyond the state of the art at that time.

16. To the extent that the plaintiffs are able to establish their use or exposure to asbestos-based products, that use or exposure was minimal and was not a substantial factor in causing any harm which the plaintiffs allege.

17. Economical and consequential damages are not properly recoverable in tort actions, including actions based on negligence or strict liability.

18. Punitive damages are improper and are unconstitutional.

19. Plaintiffs' claims are barred because the plaintiffs have failed to join necessary and indispensable parties.

20. The defendant affirmatively pleads insufficiency of service of process.

**The defendant, The Falk Corporation, hereby demands a trial by jury.**

DEFENDANT,
By its Attorney,

John A. Caletri, Esq. #6204
GLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 6/1/05 to:

James F. Early, Esq.
265 Church Street
P. O. Box 1866
New Haven, CT 06508-1866