**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN SCHWARTZ and<br>ELISE SCHWARTZ<br>*Plaintiffs* | : | |
| vs. | : | C.A. No.: 05-104 L |
| PIC CONTRACTORS, INC., et al<br>*Defendant(s)* | : | |

**ANSWER OF DEFENDANT PIC CONTRACTORS, INC.,**
**TO PLAINTIFF'S AMENDED COMPLAINT**

**FIRST DEFENSE**

Now comes the defendant, PIC Contractors, Inc., and hereby responds to the allegations contained in the plaintiff's amended complaint paragraph by paragraph as follows:

1. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 1 of the plaintiff's complaint and, therefore, leaves the plaintiff to his burden of proof regarding same.

2.- 2ab. The defendant neither admits nor denies the allegations contained in paragraphs 2 through 2ab of the plaintiff's complaint, since said paragraphs refer to other defendants.

2ac. This defendant admits the allegations contained in the first sentence of paragraph 2ac of the plaintiff's complaint. This defendant denies the allegations relating to "all relevant times."

2ad. - 2am. The defendant neither admits nor denies the allegations contained in paragraphs 2ad through 2am of the plaintiff's complaint, since said paragraphs refer to other defendants.

3. Denied.

4. Denied.

5. Denied.



591253v1

**FIRST COUNT**

6.- 29. The defendant denies the allegations contained in paragraphs 6 through 29 of the First Count of the plaintiff's complaint.

**SECOND COUNT**

30-33. The defendant denies the allegations contained in paragraphs 30 through 33 of the Second Count of the plaintiff's complaint.

**THIRD COUNT**

34. The defendant denies the allegations contained in paragraph 34 of the Third Count of the plaintiff's complaint.

**FOURTH COUNT**

35-38. The defendant denies the allegations contained in paragraphs 35 through 38 of the Fourth Count of the plaintiff's complaint.

**FIFTH COUNT**

39. The defendant denies the allegations contained in paragraph 39 f the Fifth Count of the plaintiff's complaint.

**SIXTH COUNT**

40-43. The defendant denies the allegations contained in paragraphs 40 through 43 of the Sixth Count of the plaintiff's complaint.

**SECOND DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

This action was not commenced within the time required by law.

**FOURTH DEFENSE**

If the plaintiff suffered damages as alleged in her complaint such damages were caused by someone for whose conduct this defendant was not and is not legally responsible.

**FIFTH DEFENSE**

The negligence of the plaintiff contributed to the injuries or damages alleged, and such negligence should reduce or bar the plaintiff's recovery.

**SIXTH DEFENSE**

The plaintiff failed to give proper notice as required by law, and this defendant was prejudiced thereby.

**SEVENTH DEFENSE**

This defendant affirmatively pleads that this action was not brought within the time allowed by the applicable statute of repose.

**EIGHTH DEFENSE**

This defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

**NINTH DEFENSE**

The defendant states that the plaintiff(s) willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

**TENTH DEFENSE**

This defendant states that the plaintiff's claims against this defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of this defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this defendant is not responsible.

**ELEVENTH DEFENSE**

This defendant gave no warranties, express or implied, to the plaintiff(s) or to anyone acting on his/her behalf.

**TWELFTH DEFENSE**

This defendant states that the plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of the Uniform Commercial Code.

**THIRTEENTH DEFENSE**

This defendant states that if any of the defendant's agents or servants made any express warranties (allegations which the defendant specifically denies) then the agents or servants of the defendant did so without authority, express or implied.

**FOURTEENTH DEFENSE**

This defendant states that if the defendant, its agents or servants made any warranties, express or implied, (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

**FIFTEENTH DEFENSE**

This defendant states that if the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff(s) did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff(s).

**SIXTEENTH DEFENSE**

This defendant states that the plaintiff(s) failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

**SEVENTEENTH DEFENSE**

The defendant states that the plaintiff's employer or employers were negligent with respect to the matters set forth in the complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which plaintiff(s) may have sustained, as set forth in the complaint, and that plaintiff(s) received workmen's compensation benefits from his/her employer or employers.

Therefore, even if plaintiff(s) is entitled to recover against the defendant, which defendant specifically denies, he/she is not entitled to recover in the amount set forth in the complaint because defendant is entitled to set off any and allow the aforesaid workmen's compensation payments against any judgment which might be rendered in the plaintiff's favor.

**EIGHTEENTH DEFENSE**

This defendant states that the plaintiff's exclusive remedy is either under the Longshoremen's and Harbor Workers' Compensation Act, or the Workmen's Compensation Act, wherefore, the plaintiff(s) is barred from recovery in this action and/or thereby fails to state a claim against this defendant.

**NINETEENTH DEFENSE**

This defendant states that the plaintiff's claims are barred by estoppel or waiver.

**TWENTIETH DEFENSE**

This defendant denies that any product installed by this defendant caused any injury to the plaintiff(s).

**TWENTY-FIRST DEFENSE**

This defendant denies that there was any defect or packaging, distributing, delivery and/or sale, in any asbestos product or material referred to in the plaintiff's complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**TWENTY-SECOND DEFENSE**

The defendant states that at all times and places mentioned in the complaint, the plaintiff(s) and/or other persons without this defendant's knowledge and approval redesigned, modified, altered and used this defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which the defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and not from any act or omission by the defendant. Therefore, said defect, if any, was created by the plaintiff(s) and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any that the plaintiff(s) allegedly suffered.

**TWENTY-THIRD DEFENSE**

The defendant states that at all times and places mentioned in the complaint, the plaintiff(s) and/or other persons used this answering defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed; plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the plaintiff(s) and/or such other parties and persons.

**TWENTY-FOURTH DEFENSE**

The defendant states that if it supplied any asbestos product, either directly or indirectly, to the plaintiff's employer, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, other persons and/or entities.

**TWENTY-FIFTH DEFENSE**

This defendant states that any asbestos containing products manufactured by this defendant which give rise to plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this defendant, and by reason thereof, this defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

**TWENTY-SIXTH DEFENSE**

This defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or the design and manufacture of asbestos-containing products was such that the defendant neither knew nor should have known that its products presented a significant risk of harm to the plaintiff(s).

**TWENTY-SEVENTH DEFENSE**

This defendant states that the plaintiff(s) have failed to mitigate damages and are, therefore, barred from recovery.

**TWENTY-EIGHTH DEFENSE**

This defendant states that if the plaintiff was a user of tobacco products, such use contributed to any lung disease from which the plaintiff suffered and further answering, the defendant states that the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards, the plaintiff knew or should have known, may have adversely affected his health.

**TWENTY-NINTH DEFENSE**

This defendant states that the alleged injury or damage sustained as a result of the occupation of the plaintiff was an occupational disease and accordingly defendant is not liable or responsible for any occupational disease which was suffered or sustained by plaintiff(s) in the course of his/her employment over a number of years.

**THIRTIETH DEFENSE**

This defendant states that since the plaintiff(s) is unable to identify the supplier of the asbestos which allegedly caused him/her injury, he/she fails to state a cause of action upon which relief can be granted, since, if such relief was granted, it would contravene this defendant's constitutional rights to substantive and procedural due process of law as preserved by the 14th Amendment to the United States Constitution and by the applicable provision of the State Constitution and would contravene defendant's constitutional rights to protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

**THIRTY-FIRST DEFENSE**

This defendant states that the complaint fails to state a claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

**THIRTY-SECOND DEFENSE**

This defendant states that an award of punitive damages against any of the defendants in these cases would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, and the Rhode Island Constitution.

**THIRTY-THIRD DEFENSE**

This defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiff(s), or malice (actual, legal or otherwise) on the part of this defendant as to the plaintiff(s) herein.

**THIRTY-FOURTH DEFENSE**

This defendant states that any exposure of the plaintiff(s) to any product sold, installed or distributed by this defendant which exposure the defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused his/her claimed injuries and illness.

**THIRTY-FIFTH DEFENSE**

This defendant states that the plaintiff(s) is guilty of laches in bringing this action and is therefore barred from recovery.

WHEREFORE, the Defendant prays that this Court:

a. Enter judgment for the defendant, dismissing all claims;

b. Award the defendant costs, expenses and attorneys' fees; and

c. Grant such further relief as the Court may deem just.

**JURY DEMAND**

**THE DEFENDANT HEREBY DEMANDS A JURY TRIAL AS TO ALL TRIABLE ISSUES OF RIGHT AND DESIGNATES MARK T. NUGENT AND PAUL V. SULLIVAN AS TRIAL COUNSEL.**

## CROSS CLAIM & ANSWER TO CROSS CLAIM

PIC Contractors, Inc., adopts the Model Cross-Claim of Defendants/Cross-Claim Plaintiff against all Defendants and Third Party Defendants. Defendant PIC Contractors, Inc., also adopts the Model Answer of all Defendants and Third-Party Defendants to Cross-Claims of Defendant/Cross-Claim Plaintiff.

PIC CONTRACTORS, INC.,
By its Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903
Tel: (401) 331-4660
Fax: (401) 351-4420

## CERTIFICATION

I hereby certify that on this 3rd day of June, 2005, a copy of the foregoing was mailed, postage prepaid, to counsel for plaintiff(s) and notice of the filing of the same was provided via e-mail to the parties on the attached service.



591253v1

William F. Ahern Esq.
wahern@chelaw.com

Wm. Gateley, Jr. Esq.

Bernie Guekguezian Esq.
abg@aachlaw.com

J. Halpi
JHalpi@cl-law.com

Matthew Hausman Esq.
mxh@pullcom.com

Todd Holbrook Esq.
tholbrook@mainelaw.com

Angela A. Iuso Esq.
boyreydem@conversent.net

Susan A. Jackson Esq.
susan.jackson@umb.edu

Robert Kiely Esq.
rek@regankiely.com

Regina Kraus Esq.
kraus@tylercooper.com

Kristine Materne Esq.
kmaterne@lbmwlaw.com

Kevin McCaffrey Esq.
kmccaffrey@cullenanddykman.com

Jeffrey Peters Esq.
jpeters@preti.com

Elizabeth Santilli Esq.
bsantilli@amrlaw.com

Alan Schwartz Esq.
aschwartz@wiggin.com

Jon Tabasky Esq.
jtabasky@cmjlaw.com

Victoria Almeida Esq.
valmeida@apslaw.com

Mark O. Denehy Esq.
mdenehy@apslaw.com

George E. Wakeman, Jr. Esq.
gew@aachlaw.com

John R. Mahoney Esq.
johnmahoney@amlawllp.com

Dennis S. Baluch Esq.
dennis.baluch@verizon.net

Peter J. Rubin Esq.
prubin@mainelaw.com

Staci L. (Sawyer) Kolb Esq.

Charles K. Mone Esq.
cmone@campbell-trial-lawyers.com

Christine Walsh Esq.
cwalsh@campbell-trial-lawyers.com

Shannon Gilheeney Esq.
sgilheeney@ckmlaw.com

Stephen Armato Esq.
sarmato@cetcap.com

Jennifer Whelan Esq.
jwhelan@cetcap.com

William F. Mueller
wmueller@mct-law.com

Justin T. Shay Esq.
Jshay@cm-law.com

Brian D. Gross Esq.
bgross@cmj-law.com

David A. Reif Esq.
dreif@cl-law.com

Kenneth R. Neal Esq.
kneal@dtln.com

David E. Maglio Esq.
dmaglio@magliolaw.com

David S. Feinzig

James P. Marusak Esq.
jpm@gsm-law.com

Michael Chefitz Esq.
mchefitz@bktc.net

Barbara Cohen Esq.
bsc@goldenberg-muri.com

David M. Governo Esq.
dgoverno@governo.com

Raymond A. LaFazia Esq.
gunlafinc@earthlink.net

Susan O'Donnell Esq.
odonnell@halloran-sage.com

Dennis McCarten Esq.
djm@hansoncurran.com

Kenneth P. Borden Esq.
kborden@hcc-law.com

James A. Ruggieri Esq.
jruggieri@hcc-law.com

Kelley Jordan-Price Esq.
kprice@haslaw.com

Richard H. Pierce Esq.
rpierce@haslaw.com

Thomas C. Angelone Esq.
angelonelaw@aol.com

Andrews J. Murray Esq.
ajmurray@hklaw.com

John J. Bogdanski
jbogdanskiy@hl-law.com

LoreleiPhilip T. Hill
lorelei@hl-law.com

Philip T. Newbury
pnewbury@hl-law.com

Philip T. Newbury
pnewbury@hl-law.com

Judith T. Rakus
jrakus@hl-law.com

Francis M. Lynch Esq.
flynch@kwplaw.com

Richard G. Whalen Esq.
richard.whalen@zurichna.com

David A. Schechter Esq.
counsel888@aol.com

Timothy J. Dodd Esq.

Richard B. Kirby Esq.
rkirby@lecomtelaw.com

John E. Bulman Esq.
jbulman@lmkbw.com

Adam Chandler
achandler@lmkbw.com

Richard E. Kirby Esq.
rekirby@aol.com

Catherine A. Mohan Esq.
cmohan@Mccarter.com

James J. McKenna Esq.
mclaw@choiceonemail.com

Robert J. Quigley Esq.
rquigley@mjqlaw.com

John B. Harwood Esq.

T. Dos Urbanski Esq.
durbanski@melicklaw.com

Amy A. Parker Esq.
aparker@morrisonmahoney.com

Paul V. Sullivan Esq.
pvsullivan@morrisonmahoney.com

Paul V. Sullivan Esq.
pvsullivan@morrisonmahoney.com

Glen R. Whitehead Esq.
gwhitehead@morrisonmahoney.com

Michael J. Marcello
mmarcello@morrisonmahoney.com

Ian Ridlon
iridlon@nixonpeabody.com

Deb Woodbury
dwodbury@nixonpeabody.com

John A. Caletri Esq.
JAC@olenn-penza.com

John A. Caletri Esq.
jac@olenn-penza.com

Judy Perritano Esq.
Jperritano@piercedavis.com

John W. Kershaw Esq.
ricedolank@aol.com

David H. Stillman Esq.
dhs@stillmanlegal.com

Thomas W. Lyons Esq.
tlyons@straussfactor.com

Craig R. Waksler Esq.
cwaksler@tdbgllp.com

Thomas M. Robinson Esq.
trobinson@tlslaw.com