IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ AND ELISE SCHWARTZ, Plaintiffs, | : | C.A. NO. 05-104L |
| vs. | : | |
| AMERICAN STANDARD, INC., et al. Defendants. | : | |

## ANSWER AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFFS' AMENDED COMPLAINT AND TO CROSS-CLAIMS OF ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of the Defendants in the above-styled and numbered cause, by and through counsel, and answers the Plaintiffs' Amended Complaint, (hereinafter referred to as "Complaint") and each and every Cross-Claim filed hereafter by any other Defendant or Third-Party Defendant as follows:

1. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Metropolitan Life denies the allegations contained in paragraph 2 of the Complaint, including all of its subparts, except that Metropolitan Life admits that it is a life insurance company of the State of New York licensed to do business in the State of Rhode Island. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

3. Metropolitan Life denies the allegations contained in paragraph 3 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint to the extent said allegations relate to others.

4. Metropolitan Life denies the allegations contained in paragraph 4 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

5. Metropolitan Life denies the allegations contained in paragraph 5 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint to the extent said allegations relate to others.

AS TO COUNT ONE

6. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 6 (sic) of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 6 of the Complaint.

7. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

8. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

9. Metropolitan Life denies the allegations contained in paragraph 8 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint to the extent said allegations relate to others.

10. Metropolitan Life denies the allegations contained in paragraph 9 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint to the extent said allegations relate to others.

11. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

12. Metropolitan Life denies the allegations contained in paragraph 11 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint to the extent said allegations relate to others.

13. Metropolitan Life denies the allegations contained in paragraph 12 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint to the extent said allegations relate to others.

14. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, including all of its subparts.

15. Metropolitan Life denies the allegations contained in paragraph 14 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint to the extent said allegations relate to others.

16. Metropolitan Life denies the allegations contained in paragraph 15 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint to the extent said allegations relate to others.

17. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

18. Metropolitan Life denies the allegations contained in paragraph 17 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

19. Metropolitan Life denies the allegations contained in paragraph 18 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

20. Metropolitan Life denies the allegations contained in paragraph 19 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint to the extent said allegations relate to others.

21. Metropolitan Life denies the allegations contained in paragraph 20 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint to the extent said allegations relate to others.

22. Metropolitan Life denies the allegations contained in paragraph 21 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint to the extent said allegations relate to others.

23. Metropolitan Life denies the allegations contained in paragraph 22 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint to the extent said allegations relate to others.

24. Metropolitan Life denies the allegations contained in paragraph 23 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint to the extent said allegations relate to others.

25. Metropolitan Life denies the allegations contained in paragraph 24 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint to the extent said allegations relate to others.

26. Metropolitan Life denies the allegations contained in paragraph 25 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint to the extent said allegations relate to others.

27. Metropolitan Life denies the allegations contained in paragraph 26 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint to the extent said allegations relate to others.

28. Metropolitan Life denies the allegations contained in paragraph 27 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint to the extent said allegations relate to others.

29. The allegations contained in paragraph 28 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

30. The allegations contained in paragraph 29 of the Complaint, including all of its subparts, are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

31. Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 29 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

AS TO COUNT TWO

32. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 29 of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 30 of the Complaint.

33. Metropolitan Life denies the allegations contained in paragraph 30 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint to the extent said allegations relate to others.

34. The allegations contained in paragraph 31 of the Complaint are conclusions of law, for which no response is required; to the extent they are deemed allegations of fact,

Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

35. The allegations contained in paragraph 32 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

36. The allegations contained in paragraph 33 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

37. Metropolitan Life denies the allegations contained in the unnumbered paragraph following paragraph 33 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

AS TO COUNT THREE

38. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 33 of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 34 of the Complaint.

39. The allegations contained in paragraph 34 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

AS TO COUNT FOUR

40. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 35 of the Complaint.

41. Metropolitan Life denies the allegations contained in paragraph 35 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint to the extent said allegations relate to others.

42. The allegations contained in paragraph 36 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

43. The allegations contained in paragraph 37 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them insofar as they are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

44. Metropolitan Life denies the allegations contained in paragraph 38 of the Complaint insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint to the extent said allegations relate to others.

AS TO COUNT FIVE

45. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 38 of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 39 of the Complaint.

46. Metropolitan Life denies the allegations contained in paragraph 39 of the Complaint insofar as the allegations are directed against Metropolitan Life, and it denies that it is liable to Plaintiffs or anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint to the extent said allegations relate to others.

AS TO COUNT SIX

47. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 39 of the Complaint, inclusive, as though fully set forth herein in response to the unnumbered paragraph preceding paragraph 40 of the Complaint.

48. Metropolitan Life denies the allegations contained in paragraph 40 of the Complaint.

49. Metropolitan Life denies the allegations contained in paragraph 41 of the Complaint.

50. Metropolitan Life denies the allegations contained in paragraph 42 of the Complaint, including all of its subparts.

51. Metropolitan Life denies the allegations contained in paragraph 43 of the Complaint, including all of its subparts.

52. Metropolitan Life denies the allegations contained in the first unnumbered paragraph following paragraph 43 of the Complaint, and it denies that it is liable to Plaintiffs or anyone else for any amount.

53. The second unnumbered paragraph following paragraph 43 of the Complaint contains conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

54. The allegations contained in the third unnumbered paragraph following paragraph 43 of the Complaint are Plaintiffs' characterization of their case and demand for a trial by jury, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to Plaintiffs or anyone else for any amount.

55. All allegations not specifically admitted above are hereby denied.

FIRST DEFENSE

56. The allegations of the Complaint and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

SECOND DEFENSE

57. The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

THIRD DEFENSE

58. Plaintiffs were contributorily and/or comparatively negligent.

FOURTH DEFENSE

59. Plaintiffs' claims are barred by the operation of the doctrine of laches.

FIFTH DEFENSE

60. Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

SIXTH DEFENSE

61. Plaintiffs' claims are barred by the operation of the doctrine of waiver.

SEVENTH DEFENSE

62. Plaintiffs assumed the risk of any injuries allegedly sustained as a result of exposure to asbestos-containing products used by or near Plaintiffs.

EIGHTH DEFENSE

63. Whatever damages were incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom this Defendant had no control.

NINTH DEFENSE

64. At all times relevant hereto, the knowledge of Plaintiffs' employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiffs' employment, and therefore, if there was any duty to warn Plaintiffs or provide protection to them, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs.

TENTH DEFENSE

65. In the event that it be shown that Plaintiffs used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

ELEVENTH DEFENSE

66. Plaintiffs and their employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

TWELFTH DEFENSE

67. The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

THIRTEENTH DEFENSE

68. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Rhode Island.

FOURTEENTH DEFENSE

69. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Rhode Island.

FIFTEENTH DEFENSE

70. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution

and Article I, Section 2, and all other applicable provisions, of the Constitution of the State of Rhode Island.

SIXTEENTH DEFENSE

71. The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to protection from "excessive fines" as provided in Article I, Section 8 of the Constitution of the State of Rhode Island.

SEVENTEENTH DEFENSE

72. The actions of Metropolitan Life were within its rights under the First Amendment of the United States Constitution and Article I, Section 21 of the Constitution of the State of Rhode Island, and are fully protected thereby.

EIGHTEENTH DEFENSE

73. Plaintiffs should have taken action to minimize or eliminate damages, and therefore Plaintiffs are precluded from recovering damages, or his damages are reduced, by operation of the doctrine of avoidable consequences.

NINETEENTH DEFENSE

74. Metropolitan Life did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

TWENTIETH DEFENSE

75. Metropolitan Life states that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos containing products allegedly used by or near the Plaintiffs, to the extent such exposure was from asbestos-containing products manufactured and distributed by others pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government. Metropolitan Life

avers further that at all times relevant to the allegations contained in the Complaint, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with exposure to asbestos.

TWENTY-FIRST DEFENSE

76. Metropolitan Life is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any of Plaintiffs' alleged damages.

TWENTY-SECOND DEFENSE

77. The Complaint should be dismissed in that it fails to comply with Rule 9(b) of the Rhode Island Superior Court Rules of Civil Procedure.

TWENTY-THIRD DEFENSE

78. Plaintiffs' alleged injuries and damages, if any, were proximately caused by, or contributed to by, the exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on his job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, and/or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

TWENTY-FOURTH DEFENSE

79. Metropolitan Life would show unto the Court that multiple awards of punitive damages against it would violate the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 7 of the Constitution of the State of Rhode Island and the common law of the State of Rhode Island.

TWENTY-FIFTH DEFENSE

80. The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties. Therefore, this action must be dismissed, or alternatively, the action should be stayed pending other appropriate relief by the Court.

TWENTY-SIXTH DEFENSE

81. Defendant Metropolitan Life would show unto the Court that the events which allegedly form the basis for the Plaintiffs' alleged causes of action against Defendant Metropolitan Life arose prior to the elimination of the common law of privity requirement in negligence and strict liability actions. As such, the Plaintiffs are subject to the common law requirement that they be in privity with Defendant Metropolitan Life. Inasmuch as no such privity existed, Defendant Metropolitan Life is not a proper party to this action.

TWENTY-SEVENTH DEFENSE

82. Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

TWENTY-EIGHTH DEFENSE

83. The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

TWENTY-NINTH DEFENSE

84. The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of payment.

ANSWER TO CROSS-CLAIMS

85. Metropolitan Life adopts the Model Answer to Cross-claims as set forth in Judge Gibney's Order of December 3, 1996, In Re Asbestos Litigation, Master File, C.A. No. 96-9999, Providence Superior Court.

WHEREFORE, Metropolitan Life demands that:

(a) the Complaint and Amended Complaints be dismissed with prejudice as to Metropolitan Life;

(b) Plaintiffs' demand for relief be denied in every respect;

(c) Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees;

(d) the Court grant such other and further relief as may be just, proper, and equitable; and

(e) Metropolitan Life requests a trial by jury.

Dated: May 31, 2005

By: [signature]

Staci L. Kolb, Esq. (#5451)
BLISH & CAVANAGH
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900

ATTORNEYS FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY

Of Counsel:

Stephen A. Fennell
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2005, notice of the filing of the within Answer and Defenses of Metropolitan Life Insurance Company to Plaintiffs' Amended Complaint and to Cross-Claims of Any and All Other Defendants and Third-Party Defendants was forwarded by United States mail, postage prepaid, to counsel of record, as follows:

PLAINTIFF'S ATTORNEYS

James F. Early, Esq.
Michelle A. Freeman, Esq.
Robert J. Sweeney, Esq.
Brian C. Fournier, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, P.O. Box 1866
New Haven, CT 06508-1866

DEFENDANTS' ATTORNEYS

3-M (a/k/a Minnesota Mining & Manufacturing Co.)
George E. Wakeman, Jr.
Anderson, Adler, Cohen & Harvey LLP
230 Congress Street, Tenth Floor
Boston, MA 02110

AMERICAN STANDARD, INC. (alias), Individually and as Successor to AMERICAN RADIATOR AND STANDARD SANITARY CORPORATION
George E. Wakeman, Jr., Esq.
Anderson, Adler, Cohen & Harvey
230 Congress Street
Boston, MA 02110

Paul A. Sullivan, Esq.
Morrison, Mahoney & Miller
1 Providence Washington Plaza
Providence, RI 02903

AURORA PUMP COMPANY (f/n/a Pentair)
G. E. SUPPLY (A subsidiary of General Electric Company)
GARLOCK, INC.
Craig R. Waksler, Esq.
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Richard F. Lawler, Esq.
Margaret Triolo, Esq.
Whitman Breed Abbott & Morgan
100 Field Point Road
Greenwich, CT 06836

CERTAINTEED CORPORATION
D.B. RILEY, INC. (f/k/a Riley Stoker Corporation)
DOW CHEMICAL
GEORGIA-PACIFIC CORPORATION
GOULDS PUMPS. INC.
UNION CARBIDE CORPORATION
Lawrence G. Cetrulo, Esq.
Cetrulo & Capone
2 Seaport Lane
Boston, MA 02110

BIRD, INC.
CLEAVER-BROOKS COMPANY
Dennis S. Baluch, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street; Suite 404
Providence, RI 02903-2963

KENTILE FLOORS, INC.
James A. Ruggieri, Esq.
Higgins Cavanagh & Cooney
123 Dyer Street
Providence, RI 02903

DAP, INC.; FOSTER WHEELER
John R. Mahoney, Esq.
Asquith & Mahoney, LLP
155 South Main Street
Providence, RI 02903

GENERAL ELECTRIC COMPANY
Catherine A. Mohan, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

GENERAL MOTORS CORPORATION
Brian P. Voke, Esq.
Campbell & Associates
One Constitution Plaza
Boston, MA 02129

IMO INDUSTRIES, INC.
Judith A. Perritano, Esq.
John J. Cloherty III, Esq.
Pierce, Davis, Fahey & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110-1257

P.I.C. CONTRACTORS, INC.
PACKINGS & INSULATION CORP.
Paul A. Sullivan, Esq.
Morrison, Mahoney & Miller
1 Providence Washington Plaza
Providence, RI 02903

INGERSOLL-RAND COMPANY
Richard B. Kirby, Esq.
Francis M. Lynch, Esq.
Matthew C. Oleyer, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110

J.H. FRANCE REFRACTORIES CO.
Mark O. Denehey, Esq.
Adler Pollock & Sheehan
One Citizens Plaza
Providence, RI 02903

PEERLESS INDUSTRIES, INC.
d/b/a PEERLESS HEATER COMPANY
James J. McKenna, Esquire
Shakespeare Hall
128 Dorrance Street, Suite 330
Providence, RI 02903-2814

RAPID AMERICAN
John W. Kershaw, Esq.
Rice, Dolan & Kershaw
170 Westminster Street, Suite 900
Providence, RI 02903

VIACOM, INC., successor by merger to CBS Corp.,
f/k/a Westinghouse Electric Corporation
Thomas W. Lyons, Esq.
Strauss, Factor, Laing & Lyons
222 Richmond Street, Suite 208
Providence, RI 02903

WEIL-McLAIN, A Division of The Marley Company
Richard B. Kirby, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110

Staci L. Kolb