UNITED STATES DISTRICT COURT
FOR THE
STATE OF RHODE ISLAND

C.A. NO.: 05-104L
C.A. NO.: 05-104L

JOHN SCHWARTZ AND ELISE SCHWARTZ, )
Plaintiffs )
)
v. )
)
AMERICAN STANDARD INC., et al. )
Defendants )
)

***AMERICAN STANDARD INC.'S ANSWER TO THE PLAINTIFFS' COMPLAINT***

**Complaint and Jury Demand**

1. The defendant , American Standard, Inc. ("American Standard"), is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

2. The defendant denies the allegations set forth in paragraph 2 of the plaintiff's Complaint as phrased.

2(a)-2(am) The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 2-2(am) of the plaintiffs' Complaint and, therefore, denies the same.

3. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

4. The allegations in paragraph 4 call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, the defendant denies the same.

5. The allegations in paragraph 5 call for a legal conclusion and, therefore, no response is required. To the extent that a response is required, the defendant denies the same.

## FIRST COUNT

The defendant repeats and reavers fully herein its Answers to paragraphs 1 through 5 of plaintiffs' Complaint as if each were set forth here in its entirety.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the plaintiffs' Complaint and, therefore, denies the same.

8. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

9. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

10. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

11. The defendant denies the allegations as set forth in this paragraph of the plaintiffs' Complaint.

12. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

13. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint as well as the allegations contained in subsections (a) through (h).

14. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

15. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

16. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

17. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

18. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

19. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

20. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

21. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

22. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

23. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

24. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

25. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

26. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

27. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

28. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

29. The defendant denies the allegations set forth in this paragraph of the plaintiff's Complaint as well as the allegations in subsections (a) through (j) thereunder.

The defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant and requests that judgment enter on the defendant's behalf, together with interest and costs.

## SECOND COUNT

The defendant repeats and reavers fully herein its Answers to paragraphs 1 through 29 of plaintiffs' Complaint as if each were set forth here in its entirety.

30. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

31. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

32. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

33. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

The defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant and requests that judgment enter on the defendant's behalf, together with interest and costs.

## THIRD COUNT

The defendant repeats and reavers fully herein its Answers to paragraphs 1 through 33 of plaintiffs' Complaint as if each were set forth here in its entirety.

34. The allegations set forth in this paragraph of the plaintiffs' Complaint contain legal conclusions to which the defendant need not reply. In the event that these allegations are construed to require a response, the defendant denies the same.

The defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant and requests that judgment enter on the defendant's behalf, together with interest and costs.

## FOURTH COUNT

The defendant repeats and reavers fully herein its Answers to paragraphs 1 through 34 of plaintiffs' Complaint as if each were set forth here in its entirety.

35. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

36. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

37. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

38. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

The defendant denies that the plaintiffs are entitled to any relief whatsoever as to this defendant and requests that judgment enter on the defendant's behalf, together with interest and costs.

**FIFTH COUNT**

The defendant repeats and reavers fully herein its Answers to paragraphs 1 through 38 of plaintiffs' Complaint as if each were set forth here in its entirety.

39. The defendant denies the allegations set forth in this paragraph of the plaintiffs' Complaint.

**SIXTH COUNT**

The allegations set forth in this Count of the plaintiffs' Complaint do not pertain to this defendant. To the extent that they are construed to apply to this defendant, the allegations are denied.

*Having denied each and every allegation of the plaintiffs' Complaint not specifically admitted above, the defendant by way of affirmative defenses states and avers as follows:*

***AFFIRMATIVE DEFENSES***

**FIRST AFFIRMATIVE DEFENSE**

The plaintiffs' complaint, and each respective count thereof, fails to state a cause of action for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiffs have failed to file suit within the time required by statute and, therefore, his claim is barred.

**THIRD AFFIRMATIVE DEFENSE**

All causes of action have not been maintained in a timely fashion and the plaintiffs have neglected the same and should be barred by the Doctrine of Laches.

**FOURTH AFFIRMATIVE DEFENSE**

The forum chosen by the plaintiffs lacks personal jurisdiction over the answering defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**SIXTH AFFIRMATIVE DEFENSE**

If the plaintiffs incurred any injury or damage as alleged, the same was caused by and through the acts or omissions of a third party or persons, for whose conduct this defendant is in no way legally responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

While American Standard denies the allegations of the plaintiffs with respect to negligence, statutory liability, strict liability, injury and damages, to the extent that the plaintiffs may be able to prove the same, they were the result of intervening and/or interceding acts or superseding negligence on the part of the third parties over which American Standard had neither control or the right of control.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times during the conduct of their corporate operation, the agents, servants and/or employees of American Standard used proper methods in manufacturing and designing its products in conformity to the available knowledge and research of the scientific and industrial communities.

**NINTH AFFIRMATIVE DEFENSE**

If it should be proven at the time of trial that any of American Standard's products came into contact with the plaintiffs, which is specifically denied, then any such product was furnished in strict conformity to the condition specified or to the specifications furnished by employers.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff, his co-workers and employers, misused, abused, mistreated, and misapplied the products designated in the plaintiffs' Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

If the Court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to the plaintiff, then the answering defendant requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication, attributed to The plaintiff, his co-workers and/or employers bear to the conduct which caused the alleged damages or injuries.

**TWELFTH AFFIRMATIVE DEFENSE**

Any oral warranties upon which The plaintiff allegedly relied are inadmissible and unavailable because of the provisions of the applicable statute of frauds.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As to all the causes of action pleaded in the Complaint, which may be based upon express or implied warranties and/or representations, such causes of action are legally insufficient, as against American Standard, by reason of their failure to allege privity of contract between the plaintiffs and American Standard.

**FOURTEENTH AFFIRMATIVE DEFENSE**

In the event that any breach of warranty is proven, the plaintiffs failed to give proper and prompt notice of any such breach of warranty to American Standard.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The plaintiffs did not directly or indirectly purchase any asbestos-containing products or materials from American Standard, and the plaintiffs neither received nor relied upon any warranty or representation that may be alleged to have been made by American Standard.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiffs seek punitive damages against American Standard, these damages are improper, unwarranted, not authorized by law, and are unconstitutional in the context of this litigation. The imposition of punitive damages violates due process, contract and excessive fines clause of the United States Constitution.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that the cause of action pleaded by the plaintiffs failed to accord with the Uniform Commercial Code, including but not limited to Section 2-725, thereof, the plaintiffs' Complaint is time barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

American Standard denies that The plaintiff had an exposure to any asbestos-containing product, mined, processed, manufactured, supplied, developed, tested, fashioned, packaged, distributed, delivered, sold, and/or otherwise placed in the stream of commerce by American Standard.

**NINETEENTH AFFIRMATIVE DEFENSE**

In the event it should be proved at the time of trial that all defendants are subject to market-share liability, then American Standard's share of such liability would be of such a *de minimis* amount as to make its contribution for damages negligible, and American Standard would be entitled to contribution, either in whole or in part, from the co-defendants not represented by this answer.

**TWENTIETH AFFIRMATIVE DEFENSE**

The plaintiffs failed to mitigate or otherwise act to lessen or reduce the injuries and disability alleged in the Complaint herein.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

American Standard specifically denies that the asbestos-containing products alleged in the Complaint are products within the meaning or scope of the Second Restatement of Torts § 402A, and as such, the Complaint fails to state a cause of action and strict liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiff contributed to his illness by the use, either in whole or in part, of other substances, products, medications and/or drugs.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

The plaintiffs failed to properly serve certain named defendants.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

At all times material hereto, the state of the medical, industrial and scientific arts was that there was not generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character or nature of asbestos-containing products when used in the manner and for the purposes intended, so that there was no duty by American Standard to know of such character or nature or to warn the plaintiffs or others similarly situated, and that, to the extent that such duty arose, adequate warnings were given or were not necessary under all circumstances.

## TWENTY-FIFTH AFFIRMATIVE DEFENSES

The cause of action asserted by the plaintiffs fails to state a cause of action upon which relief can be granted, for if relief be granted, American Standard's constitutional rights to substantive and procedural due process and equal protection would be violated and such relief would constitute a taking of its property for public use without just compensation.

## TWENTY-SIXTH AFFIRMATIVE DEFENSES

If the plaintiffs sustained damages at the time and place set forth in the Complaint through any carelessness, recklessness, and/or negligence other than that of The plaintiff, himself, including, but not limited to, manufacture and distribution of the asbestos-containing product, breach of warranty or misrepresentations, either expressed or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness and/or negligence of co-defendants not represented by this answer.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If the plaintiffs should recover judgment against American Standard, by operation of law or otherwise, American Standard will be entitled to judgment, contribution and/or indemnity over and against co-defendants not represented by this answer, their agents, servants, and/or employees, by reason of their carelessness, recklessness, and/or negligence of the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation in defense of this action, including reasonable attorneys' fees.

**TWENTY-EIGHT AFFIRMATIVE DEFENSE**

If American Standard failed to perform any of its agreements contained in any instrument (allegations which American Standard specifically denies), it was excused from the performance of such agreements.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiffs' claims are based on a breach of implied warranty (allegations which American Standard specifically denies), then said claim is barred if brought more than four years after the date of delivery, inasmuch as implied warranties do not extend to future performance.

**THIRTIETH AFFIRMATIVE DEFENSE**

The plaintiff failed to exercise ordinary care for his own safety and well-being, and that failure to exercise ordinary care proximately and directly caused and/or contributed to his alleged illness and injury.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Any exposure of The plaintiff to American Standard's products, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused their claimed injuries and illnesses.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The utility of the products American Standard manufactured and/or designed outweighed the danger, if any, allegedly involved and, therefore, the plaintiffs' claim is barred as a matter of public policy.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

American Standard did not act individually or engage in concert of action or in a conspiracy with any one or more of the defendants herein for the purpose of accomplishing an unlawful purpose or to accomplish some purpose, not in and of itself unlawful, by unlawful means. Nor did the plaintiffs suffer any injury as a result of American Standard's actions. Accordingly, the plaintiffs cannot recover against American Standard under a theory of civil conspiracy.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

American Standard avails itself of and adopts such other defenses raised by any other defendant as may be applicable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSES

American Standard reserves the right to assert any and/or all applicable affirmative defenses which discovery may reveal appropriate.

## CROSS-CLAIMS

American Standard adopts the Model Cross-Claim and Model Answer to Cross-Claim.

## THE DEFENDANT DEMANDS A TRIAL BY JURY

The Defendant,
AMERICAN STANDARD INC.
By its Attorney,

[signature]

George Wakeman, Esq.
RI Bar No. 5255
Adler, Cohen, Harvey, Wakeman & Guekguezian, LLP
75 Federal Street
Boston, MA 02110
(617) 423-6674

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 6/14/05