UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN SCHWARTZ and
ELISE SCHWARTZ
Plaintiffs,

vs. C.A. No. 05-104L

AMERICAN STANDARD, INC. (Alias) et al
Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FOSTER WHEELER L.L.C.**

Defendant Foster Wheeler L.L.C. (survivor to a merger with Foster Wheeler Corporation, a named Defendant in the above-numbered and entitled cause (hereinafter referred to as "Foster Wheeler") hereby answers Complaint as follows:

1. Foster Wheeler is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

2. Denied.

2.a-k Denied.

2.l Admitted as to Foster Wheeler being a New York corporation with its principal place of business in the State of New Jersey. Denied as to the remainder of the paragraph.

2. m-am Denied.

3. Denied.

4. Foster Wheeler is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

5. Denied.

## FIRST COUNT

Foster Wheeler hereby incorporates by reference the answers to paragraphs 1 through 5 [sic] as though the same were fully set forth herein at length.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

**SECOND COUNT**

Foster Wheeler hereby incorporates by reference the answers to paragraphs 1 through 29 as though the same were fully set forth herein at length.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

**THIRD COUNT**

Foster Wheeler hereby incorporates by reference the answers to paragraphs 1 through 33 as though the same were fully set forth herein at length.

34. Denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

## FOURTH COUNT

Foster Wheeler hereby incorporates by reference the answers to paragraphs 1 through 34 as though the same were fully set forth herein at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

## FIFTH COUNT

Foster Wheeler hereby incorporates by reference the answers to paragraphs 1 through 38 as though the same were fully set forth herein at length.

39. Denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

## SIXTH COUNT

Foster Wheeler hereby incorporates by reference the answer to paragraphs 1 through 39 as though the same were fully set forth herein at length.

The allegations in this Count are addressed to a Defendant other than Foster Wheeler, therefore, no answer is required. But, in the event that any allegations contained in this Count are deemed relevant to the Foster Wheeler, the same are denied.

WHEREFORE, Foster Wheeler demands judgment in its favor.

## AFFIRMATIVE DEFENSES

Foster Wheeler has not had an opportunity to conduct a sufficient inquiry of the facts underlying this lawsuit. Based on its knowledge, information and belief formed after discovery in similar asbestos lawsuits, interposes the following defenses, some of which may be ultimately supported by the facts to be revealed in discovery and investigation in this case. After having completed discovery in this case, Foster Wheeler will voluntarily withdraw those of the following affirmative defenses that are unsupported by the facts revealed in pre-trial discovery and investigation. Additionally, Foster Wheeler will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its answer as necessary. On the basis of the above, and for further answer by way of affirmative defenses, Foster Wheeler alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

If it is judicially determined that Foster Wheeler was negligent as alleged, which is specifically denied, then the Plaintiff was guilty of negligence which bars or limits all claims for recovery made herein.

### SECOND AFFIRMATIVE DEFENSE

In the alternative, if it is judicially determined that Plaintiff was injured or damaged as alleged, which is specifically denied, then the Plaintiff assumed the risk of any injuries or damages alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

One or more or all of the claims made by the Plaintiff are, or may be, barred by the applicable statutes of limitation or by the doctrines of laches and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

In the alternative, if it is judicially determined that Plaintiff was exposed to a product of Foster Wheeler as alleged, which is specifically denied, then the Plaintiff or other persons altered the product, improperly used or misused the product or improperly maintained the product of Foster Wheeler in a manner which was unintended and unanticipated.

## FIFTH AFFIRMATIVE DEFENSE

In the alternative, if it is judicially determined that Foster Wheeler was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

## SIXTH AFFIRMATIVE DEFENSE

If it is judicially determined that the occurrences and damages alleged in the Complaint were caused by the negligence, breach of duty, or acts or omissions of other parties or persons not party to this action, then the occurrences and damages were caused by parties and persons over whom Foster Wheeler had no control or right of control and for whom Foster Wheeler is not responsible in law.

## SEVENTH AFFIRMATIVE DEFENSE

In the alternative, if it is judicially determined that Plaintiff sustained injuries and damages as alleged in the Complaint, all of which is specifically denied, then the injuries or damages were proximately caused by the intervening and superseding acts of other parties or third persons over whom Foster Wheeler had no control, or right of control, and for whose actions Foster Wheeler is not responsible in law.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as against Foster Wheeler.

**NINTH AFFIRMATIVE DEFENSE**

Based on the circumstances and facts alleged, venue is not proper herein.

**TENTH AFFIRMATIVE DEFENSE**

In the alternative, if it is judicially determined that Plaintiff was exposed to a defective product, all of which is specifically denied, then the actions of Plaintiff when compared to the acts of Foster Wheeler bars or reduces Plaintiff's claims against Foster Wheeler.

**ELEVENTH AFFIRMATIVE DEFENSE**

In the alternative, in the event that it is judicially determined that Plaintiff incurred any injuries and damages as alleged in the Complaint, which is specifically denied, then to the extent of such injuries and damages which may be attributable to any act or omission or any product of Foster Wheeler was and is *de minimis* and not a substantial factor.

**TWELFTH AFFIRMATIVE DEFENSE**

An award of punitive damages against Foster Wheeler would violate the Constitution of the United States including, but not limited to, the due process and equal protection clauses of the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the "double jeopardy" clause of the Fifth Amendment as applied to the states through the Fourteenth Amendment.

**THIRTEENTH AFFIRMATIVE DEFENSE**

An award of punitive damages against Foster Wheeler would violate Article 1, Section 2, and Article 1, Section 8 of the Constitution of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that any Foster Wheeler product was present in Plaintiff's workplace, which is specifically denied, then Foster Wheeler's product was supplied to a learned intermediary which was sophisticated in the use of the product.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of forum non-conveniens.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Foster Wheeler is not guilty of negligence.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Foster Wheeler is not guilty of breach of duty.

**NINETEENTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or limited by comparative or contributory negligence.

**TWENTIETH AFFIRMATIVE DEFENSE**

The alleged incident was caused by conditions over which Foster Wheeler had no control.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Foster Wheeler at all times acted in good faith.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

At all times relevant hereto, the knowledge of Plaintiff's employer(s) was superior to that of Foster Wheeler with respect to possible health hazards associated with Plaintiff's employment, and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employer(s), not of Foster Wheeler, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiff.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

In the event that it be shown that Plaintiff used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff and her employer(s) were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from prosecuting this action inasmuch as the action was not commenced within the time period allowed by the provisions of the Statute of Limitations.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff voluntarily and unreasonably exposed herself to known risk.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This Defendant did not violate any duty or rule imposed by reason of the principle of strict liability in tort.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred or limited by Application of Worker's Compensation Law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiff's claims for alleged breaches of warranties, Foster Wheeler avers that such claims are barred by reason of lack of privity.

**THIRTIETH AFFIRMATIVE DEFENSE**

Foster Wheeler has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Foster Wheeler avers that if Plaintiff had settled with and/or released other defendants or entities who are tortfeasors, Defendant Foster Wheeler is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiff's Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the Foster Wheeler with respect to each and every Count contained in Plaintiff's Complaint.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the Plaintiff with respect to each and every Count contained in Plaintiff's Complaint.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The injuries complained of by the Plaintiff are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in the environment.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

There was no privity of contract between Foster Wheeler and Plaintiff.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

An action for breach of warranty was not available to Plaintiff during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Foster Wheeler.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred for failure of the Plaintiff to give notice to Foster Wheeler of any alleged breach.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

No warranty of any kind was extended to Plaintiff in this matter.

**FORTIETH AFFIRMATIVE DEFENSE**

If Plaintiff establishes any exposure to Foster Wheeler's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff decedent's claimed injuries.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

If it is proven at trial that products of Foster Wheeler were furnished as alleged to Plaintiff's employer and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by the Foster Wheeler which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

While it is denied that Foster Wheeler supplied any material with which Plaintiff had any contact, if it is proven to the contrary, it is Foster Wheeler's position that all such material was manufactured, supplied and delivered in accordance with government specifications and/or at the direction of a governmental officer.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

The Foster Wheeler avers that the state of the medical and scientific knowledge regarding asbestos-containing products and/or their contents, at all times material hereto, was such that the Foster Wheeler never knew nor could have known that its product presented any risk or harm to the Plaintiff if such product were properly used.

## JURY DEMAND

Defendant Foster Wheeler demands a trial by jury.

Defendant,
Foster Wheeler L.L.C.
By its Attorneys,

Mark O. Denehy (#3492)
R. Bart Totten (#5095)
James R. Oswald (#5727)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: June 10, 2005

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed on June 13, 2005 to the following:

James F. Early, Esquire
Early Ludwick & Sweeney
One Century Tower – 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Lawrence G. Cetrulo, Esquire
Nancy Kelly, Esquire
Cetrulo & Capone, LLP
Two Seaport Lane
Boston, MA 02210

*20565_1.doc*