IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ | ) | |
| AND ELISE SCHWARTZ | ) | |
| | ) | |
| | ) | C.A 05-104T |
| v. | ) | |
| | ) | |
| AMERICAN STANDARD, INC. et al | ) | |

**DEFENDANT, RED DEVIL, INC.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Red Devil, Inc. (hereinafter referred to as "Defendant"), hereby answers Plaintiffs' Amended Complaint as follows:

1. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

2. Defendant admits that it is incorporated in the State of New jersey, denies the remaining allegations contained in paragraph 2ae and is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this entire paragraph as they relates to the other Defendants and therefore leaves Plaintiffs to their proof.

3. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to the Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

4. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

5. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

## FIRST COUNT

Defendant incorporates its answers to paragraphs 1 through 5 of Plaintiffs' Amended Complaint.

6. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

7. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

8. Defendant denies each and every allegation contained in this paragraph to the extent it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to other Defendants and therefore leaves Plaintiffs to their proof.

9. Defendant denies each and every allegation contained in this paragraph to the extent it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to other Defendants and therefore leaves Plaintiffs to their proof.

10. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and accordingly leaves Plaintiffs to their proof.

11. Defendant denies each and every allegation contained in this paragraph to the extent it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to other Defendants and therefore leaves Plaintiffs to their proof.

12. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

13. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

14. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

15. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

16. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

17. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

18. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

19. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

20. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

21. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form

a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

22. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

23. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

24. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

25. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

26. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

27. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

29. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**SECOND COUNT**

Defendant incorporates its answers to paragraphs 1 through 29 of Plaintiffs' Amended Complainnt.

30. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

31. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

32. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

33. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**THIRD COUNT**

Defendant incorporates its answers to paragraphs 1 through 33 of Plaintiffs' Amended Complaint.

34. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**FOURTH COUNT**

Defendant incorporates its answers to paragraphs 1 through 34 of Plaintiffs' Amended Complaint.

35. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

36. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

37. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form

a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

38. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**FIFTH COUNT**

Defendant incorporates its answers to paragraphs 1 through 38 of Plaintiffs' Amended Complaint.

39. Defendant denies each and every allegation contained in this paragraph to the extent that it relates to this Defendant and is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**SIXTH COUNT**

Defendant incorporates its answers to paragraphs 1 through 39 of Plaintiffs' Complaint.

40-43. The Sixth Count of the Amended Complaint is directed against Defendant Metropolitan Life Insurance Company and parties other than this Defendant. As a result, no responsive pleading is required by this Defendant. However, to the extent it is deemed that any of the allegations contained in the Sixth Count apply to this Defendant, they are denied. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in the Sixth Count as it relates to the other Defendants and therefore leaves Plaintiffs to their proof.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a cause of action against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable Statute of Limitations and/or Statutes of Response.

**THIRD DEFENSE**

Defendant avers that the said injuries referred to in Plaintiffs' Complaint were caused by the conduct of others for whom Defendant is not responsible or liable, and not by the conduct of Defendant.

**FOURTH DEFENSE**

Plaintiff husband voluntarily assumed the risk of his injuries and, therefore, all recovery is barred.

**FIFTH DEFENSE**

Any damages which the Plaintiff sustained resulted solely from the negligence of Plaintiff husband and therefore, the Plaintiffs' claims are completely barred or diminished pursuant to the doctrine of comparative negligence.

**SIXTH DEFENSE**

Defendant avers that any claims for alleged breaches of warranty are barred by reason of the failure of the Plaintiffs to give reasonable notice of the alleged breaches as required by the applicable provisions of the Uniform Commercial Code.

**SEVENTH DEFENSE**

Defendant avers that any claims for alleged breaches of warranty are barred by reason of lack of

privity.

**EIGHTH DEFENSE**

If Plaintiff sustained injuries as alleged, then the same occurred as a result of the abuse and misuse of the products allegedly in question.

**NINTH DEFENSE**

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiffs' Complaint which caused injury to Plaintiff husband. Notwithstanding that denial and, alternatively, the products of Defendant which Plaintiff husband allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered some time after the sale and prior to the use or exposure as alleged.

**TENTH DEFENSE**

The claims of the Plaintiffs are barred by the doctrine of laches in failing to notify the necessary parties of the claims or give due and timely notice of their claims against Defendant to the prejudice of Defendant.

**ELEVENTH DEFENSE**

Punitive or exemplary damages are unconstitutional for the following reasons:

a) The subjecting of Defendant to multiple trials for the same course of conduct and the multiple imposition of punitive damages for the same course of conduct is a violation of both substantive and procedural due process under the United States Constitution and the Constitution of the State of Rhode Island;

b) The standard for the award of punitive damages is constitutionally void for vagueness;

c) There is no principle of limitation on the multiple imposition of punitive damage awards for the same course of conduct.

**TWELFTH DEFENSE**

Defendant denies that any of its products at issue were dangerous or presented any risk of harm to Plaintiffs, but alternatively, Defendant avers that the state of the medical and scientific knowledge regarding its products and/or their contents, at all times material hereto, was such that Defendant never knew or could have known that its products presented any risk of harm to the Plaintiffs if such products were properly used.

**THIRTEENTH DEFENSE**

Defendant avers that if Plaintiff husband applied for and received workers' compensation benefits, then this Complaint is barred by the provision of the Workers' Compensation Act, so-called.

**FOURTEENTH DEFENSE**

Defendant avers that there has been an insufficiency of process and an insufficiency of service of process.

**FIFTEENTH DEFENSE**

If it is proven at trial that products of Defendant were furnished as alleged to Plaintiff husband's employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by this Defendant which was or may have been so furnished and which was so used, was furnished in strict conformity to the conditions specified or to the specifications issued by or under the direction of the said employers.

**SIXTEENTH DEFENSE**

Defendant avers that if Plaintiffs have settled with and/or released other Defendants or entities who are tortfeasors in accordance with Rhode Island General Laws, as amended, this Defendant is entitled to a reduction of any judgment either in the total of all the settlement

amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

**SEVENTEENTH DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiffs' Complaint.

**EIGHTEENTH DEFENSE**

This Court lacks personal jurisdiction over the Defendant with respect to each and every Count contained in Plaintiffs' Complaint.

**NINETEENTH DEFENSE**

Plaintiffs are not persons whom the Defendant could reasonably have expected to use, consume, or be affected by its products.

**TWENTIETH DEFENSE**

The injuries complained of by Plaintiffs are wholly or partially caused by independent means, including, inter alia, the conduct and habits of Plaintiffs and exposure to other particulates in the environment.

**TWENTY-FIRST DEFENSE**

The Defendant had no duty to give instructions to Plaintiffs or to warn Plaintiffs of any hazards attendant to the contact with, use of, or exposure to its products, whether known or constructively known by Defendant, because those hazards were known by other persons who controlled or supervised Plaintiff husband in the course of or incidental to his employment.

**TWENTY-SECOND DEFENSE**

At all relevant times this Defendant complied with all applicable laws, ordinances, regulations, and standards.

**TWENTY-THIRD DEFENSE**

An action for breach of warranty was not available to Plaintiffs during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by Defendant.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred for failure of the Plaintiffs to give notice to Defendant of any alleged breach.

**TWENTY-FIFTH DEFENSE**

No warranty of any kind was extended to Plaintiffs in this matter.

**TWENTY-SIXTH DEFENSE**

Defendant never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

**TWENTY-SEVENTH DEFENSE**

Applicable law provides no basis for the assertion of express warranty in favor of Plaintiffs at the time when any sale or transfer of Defendant's products containing asbestos is alleged to have taken place.

**TWENTY-EIGHTH DEFENSE**

The utility of the products manufactured by Defendant outweighs the danger allegedly involved and, therefore, Plaintiffs' claim is barred as a matter of public policy.

**TWENTY-NINTH DEFENSE**

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

**THIRTIETH DEFENSE**

The Plaintiffs fail to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by these Plaintiffs.

**THIRTY-FIRST DEFENSE**

The negligence of the Plaintiff husband's employer was a concurrent, proximate cause of the damages allegedly suffered by the Plaintiff husband, and the Defendant is entitled to have any judgment against it in favor of the Plaintiffs reduced by the amount of any present or future compensation which the Plaintiffs have or will receive under any state or federal workers' compensation statute or longshoremen's and harbor workers' lien.

**THIRTY-SECOND DEFENSE**

If Plaintiffs establish any exposure to Defendant's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff husband's claimed injuries.

**THIRTY-THIRD DEFENSE**

If Plaintiffs were exposed to any of Defendant's asbestos products, then the Defendant is not liable to the Plaintiffs as a matter of law because of the government contract and/or government specification defenses.

**THIRTY-FOURTH DEFENSE**

The venue selected by the Plaintiffs is improper.

**THIRTY-FIFTH DEFENSE**

The forum selected by Plaintiffs is inconvenient.

**THIRTY-SIXTH DEFENSE**

Plaintiffs did not reasonably and justifiably rely on any alleged representations or warranties, express or implied, of this Defendant.

**THIRTY-SEVENTH DEFENSE**

If it is determined that this Defendant supplied any product to any of Plaintiff's employers or to any site where Plaintiff worked, Plaintiff's employers were learned intermediaries or sophisticated users, and they had an affirmative duty either to warn Plaintiffs or to protect Plaintiffs from these dangers.

**THIRTY-EIGHTH DEFENSE**

The Plaintiff was a sophisticated user and was fully aware of any and all potentially dangerous conditions.

**THIRTY-NINTH DEFENSE**

Plaintiffs' claims are barred because of Plaintiffs' failure to join necessary and indispensable parties.

**FORTIETH DEFENSE**

To the extent that the Plaintiffs are unable to identify any manufacturer of any product which allegedly caused the alleged injuries, Plaintiffs cannot state a claim upon which relief may be granted because that failure would violate this Defendant's constitutional rights: (1) to substantive and procedural due process of law and equal protection guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the of the State of Rhode Island; and (2) protection against the taking of private property for public use without just compensation guaranteed by the Fourteenth Amendment of the United States Constitution and by the Rhode Island Constitution.

**FORTY-FIRST DEFENSE**

This Defendant adopts by reference all affirmative defenses raised by all other Defendants except to the extent that they may make any allegations against this Defendant.

**WHEREFORE**, Defendant respectfully demands judgment be entered in its favor, dismissing all Plaintiffs' claims and awarding Defendant its costs and fees and such further relief as this Court may deem just and proper.

**Defendant requests a trial by jury.**

**Dennis T. Grieco II is designated trial counsel.**

Red Devil, Inc.
By its attorneys,

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, Rhode Island 02903
Tel: (401) 274-6644; Fax: (401) 331-9304

**CERTIFICATE OF SERVICE**

I hereby certified that on this 10 day of June, 2005, a true copy of the within has been mailed by regular mail and/or hand delivery, postage prepaid to the counsel listed below.

[signature]

American Optical Corporation
Mark Freel, Esq.
Edwards & Angell
2800 Financial Plaza
Providence, RI 02903

Aurora Pump Company, Garlock Sealing
Craig Waksler, Esq.
Taylor Duane Barton & Gilman, LLP
Ten Dorrance Street
Providence, RI 02903

W. Chesteron Company, Flowserve Corporation
Brian D. Gross, Esq.
Cooley, Manion, Jones
21 Custom House Street
Boston, MA 02110-3536

Bell & Gossett Co.
T. Dos Urbanski, Esq.
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109

Bird, Inc., Cleaver-Brooks, a division of Aqua-Chem, Inc.
Dennis S. Baluch, Esq.
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main St.
Providence, RI 02903

Carrier Corp.,
James A. Ruggieri, Esq.
Higgins, Cavanaugh & Conney
123 Dyer Street
Providence, RI 02903

Certainteed Corporation, Honeywell, Georgia Pacific, Dana Corp.,
Goulds Pump, D.B. Riley Inc.
Steven Armato, Esq.
Jennifer Whelan, Esq.
Cetrulo & Capone LLP
Two Seaport Lane
Boston, MA 02210

Buffalo Pumps, Garlock, Inc., Crane Company,
David Governo, Esq.
Governo Law Firm, LLC
260 Franklin Street
Boston, MA 02110

Daimler Chrysler, General Motors, Ford Motor Company
Charles K. Mone,Esq.
Campbell Campbell & Edwards & Conroy
One Constitution Place
Boston, MA 02129

Dap, Inc.,
John Mahoney, Esq.
Asquith, Mahoney & Robinson
155 South Main Street
Providence, RI 02903

Ingersoll-Rand Company,
Richard B. Kirby, Esq.
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110-3507

J.H. France Refractories Co. Foster Wheeler Corporation,
R. Bart Totten, Esq.
Adler, Pollock & Sheehan
One Bank Boston Plaza
Providence, RI 02903

General Electric Co., Hollingsworth & Vose Co., Lincoln Electric Co.,
Jeffrey Thomen, Esq.
McCarten & English, LLP
Cityplace I
185 Asylum Street, 36th Floor
Hartford, CT 06103

Goulds Pumps Incorporated
John Fanning, Esq.
Cullen & Dykman LLP
177 Montague Street
Brooklyn, NY 11201-3611

Metropolitan Life Insurance Company
Staci Kolb, Esq.
Blish & Cavanaugh
30 Exchange Terrace
Providence, RI 02902

Packings &Insulation, PIC Contractors & H.B. Fuller Company
Michael Farley, Esq.
Morrison, Mahoney & Miller
One Providence Washington Plaza, 6th Floor
Providence, RI 02903-7141

Peerless Heater
James J. McKenna
McKenna & McCormick
128 Dorrance Street
Providence, RI 02903

Rapid American Corp.,
John W. Kershaw
Rice, Dolan & Kershaw
170 Westminster Street
Providence, RI 02903

Sterling Fluid Systems
Kenneth R. Neal, Esq.
Danaher, Tedford, Lagnese & Neal
700 Capitol Place
21 Oak Street
Stratford, CT 06106

Superior Boiler, Union Carbide Corp.,
Mark O. Denehy, Esq.
Adler, Pollack, & Sheehan
2300 Financial Plaza
Providence, RI 02903

Viacom, Inc.
Thomas Lyons, Esq.
Strauss Factor Laing & Lyons
222 Richmond Square
Providence, RI 02903

Weil McLain, Bondex International, IMO Industries, Inc.,
Gardner Denver, Inc.,Warren Pumps,
Judith Perritano, Esq.
Pierce Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

3M and American Standard
A. Bernard Guekguezian, Esq.
Adler Cohen Harvey Wakeman & Guekguezian
230 Congress Street
Boston, MA 02110

James F. Early, Esq.
Ludwick & Sweeney, LLC
One Century Tower, 11th Floor, P.O. Box
265 Church Street
New Haven, CT 06508