UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ and<br>ELISE SCHWARTZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No. 05-104L |
| AMERICAN STANDARD, INC. (Alias) et al<br>Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT J.H. FRANCE REFRACTORIES CO.**

Defendant J.H. France Refractories Co. (hereinafter referred to as "J.H. France") hereby answers the Complaint as follows:

1. J.H. France is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

2. Denied.

2a-u. Denied.

2v. Admitted as to J.H. France being a Pennsylvania corporation with its principal place of business in the State of Pennsylvania. Denied as to the remainder of the paragraph.

2w-am. Denied.

3. Denied.

4. J.H. France is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

5. Denied.

## FIRST COUNT

J.H. France hereby incorporates by reference the answers to paragraphs 1 through 6 [sic] as though the same were fully set forth herein at length.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, J.H. France demands judgment in its favor.

## SECOND COUNT

J.H. France hereby incorporates by reference the answers to paragraphs 1 through 29 as though the same were fully set forth herein at length.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

WHEREFORE, J.H. France demands judgment in its favor.

## THIRD COUNT

J.H. France hereby incorporates by reference the answers to paragraphs 1 through 33 as though the same were fully set forth herein at length.

34. Denied.

WHEREFORE, J.H. France demands judgment in its favor.

## FOURTH COUNT

J.H. France hereby incorporates by reference the answers to paragraphs 1 through 34 as though the same were fully set forth herein at length.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, J.H. France demands judgment in its favor.

## FIFTH COUNT

J.H. France hereby incorporates by reference the answer to paragraphs 1 through 38 as though the same were fully set forth herein at length.

39. Denied.

WHEREFORE, J.H. France demands judgment in its favor.

## SIXTH COUNT

J.H. France hereby incorporates by reference the answer to paragraphs 1 through 39 as though the same were fully set forth herein at length.

The allegations in this Count are addressed to a Defendant other than J.H. France, therefore, no answer is required. But, in the event that any allegations contained in this Count are deemed relevant to the J.H. France, the same are denied.

WHEREFORE, J.H. France demands judgment in its favor.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action.

### SECOND AFFIRMATIVE DEFENSE

J.H. France is not guilty of negligence.

### THIRD AFFIRMATIVE DEFENSE

J.H. France is not guilty of breach of duty.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by comparative or contributory negligence.

**FIFTH AFFIRMATIVE DEFENSE**

The alleged incident was caused by conditions over which J.H. France had no control.

**SIXTH AFFIRMATIVE DEFENSE**

J.H. France at all times acted in good faith.

**SEVENTH AFFIRMATIVE DEFENSE**

Whatever damages incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom J.H. France had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant hereto, the knowledge of Plaintiffs' employer(s) was superior to that of J.H. France with respect to possible health hazards associated with Plaintiffs' employment, and, therefore, if there was any duty to warn Plaintiffs or provide protection to him, it was the duty of said employer(s), not of J.H. France, and breach of that duty was an intervening and/or superseding cause of the injuries allegedly sustained by Plaintiffs.

**NINTH AFFIRMATIVE DEFENSE**

In the event that it be shown that Plaintiffs used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered or subjected to abnormal use.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs and their employer(s) were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against J.H. France upon which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate J.H. France's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate J.H. France's right to substantive due process as provided in the Fifth and Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate J.H. France's right to equal protection under the law and are

otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution. Article I, Section 2 and all other applicable provisions of the Constitution of the State of Rhode Island.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate J.H. France's right to protection from "excessive fines" as provided in Article I, Section 8 of the Constitution of the State of Rhode Island.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The actions of J.H. France were within its rights under the First Amendment to the United States Constitution. Article I, Section 20 of the Constitution of the State of Rhode Island.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs should have taken action to minimize or eliminate damages, and therefore, Plaintiffs are precluded from recovering damages by operation of the Doctrine of Avoidable Consequences.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

J.H. France did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from prosecuting this action inasmuch as the action was not commenced within the time period allowed by the provisions of the Statute of Limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs voluntarily and unreasonably exposed themselves to known risk.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This Defendant did not violate any duty or rule imposed by reason of the principle of strict liability in tort.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

While it is denied that J.H. France supplied any material with which Plaintiffs had any contact, if it is proven to the contrary, it is J.H. France's position that all such material was manufactured, supplied and delivered in accordance with specifications provided by others.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

This action is barred under the Doctrine of Laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred or limited by Application of Worker's Compensation Law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

J.H. France avers that the Complaint is barred by the applicable Statutes of Limitation and Repose.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claim for alleged breaches of warranties, J.H. France avers that such claims are barred by reason of the Plaintiffs' failure to give reasonable notice of the alleged breaches as required by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

With respect to the Plaintiffs' claims for alleged breaches of warranties, J.H. France avers that such claims are barred by reason of lack of privity.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

J.H. France avers that the process and/or service of process is insufficient.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

J.H. France has no knowledge or means of ascertaining the truth or falsity of the averments contained in the Complaint respecting the nature and extent of the injuries, damages, and losses claims to have been sustained by the Plaintiffs.

**THIRTIETH AFFIRMATIVE DEFENSE**

J.H. France avers that if Plaintiffs had settled with and/or released other defendants or entities who are tort-feasors, Defendant J.H. France Refractories Company is entitled to a reduction of any judgment, either in the total of all the settlement amounts or the pro-rata share of fault of said tort-feasors as determined by the Court or jury, whichever is greater.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over each and every Count contained in Plaintiffs' Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the J.H. France with respect to each and every Count contained in Plaintiffs' Complaint.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not a person whom the J.H. France could reasonably have expected to use, consume, or be affected by its products.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The injuries complained of by the Plaintiffs are wholly or partially caused by independent means, including inter alia, the conduct and habits of Plaintiff and exposure to other particulates in the environment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

There was no privity of contract between J.H. France and Plaintiffs.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

An action for breach of warranty was not available to Plaintiffs during the period of the allegedly injurious exposure to, use of, or contact with products allegedly manufactured by J.H. France.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' claims are barred for failure of the Plaintiffs to give notice to J.H. France of any alleged breach.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

No warranty of any kind was extended to Plaintiffs in this matter.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

J.H. France never made any affirmation of fact, representation or conducted itself in any manner so as to constitute an express or implied warranty.

**FORTIETH AFFIRMATIVE DEFENSE**

Applicable law provided no basis for the assertion of express warranty in favor of Plaintiffs at the time when any sale or transfer of J.H. France's products containing asbestos is alleged to have taken place.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

No representation, affirmation of fact, or other conduct regarding the alleged sale of products containing asbestos was made or offered with the intent of the parties to such sale or transfer that such conduct constitutes a "basis of the bargain."

**FORTY-SECOND AFFIRMATIVE DEFENSE**

The Plaintiffs fail to state a claim in express or implied warranty of merchantability or fitness for a particular purpose because no particular purpose is alleged as between the buyer and sellers so as to permit a cause of action by Plaintiffs.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

If Plaintiffs establish any exposure to J.H. France's products, said exposure would have been so minimal as to be insufficient to establish to a reasonable degree of probability that its products caused Plaintiff decedent's claimed injuries.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

The venue selected by the Plaintiffs is improper.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

If it is proven at trial that products of J.H. France were furnished as alleged to Plaintiffs' employers and said products were used in the fashion alleged, which is specifically denied, then any product manufactured or processed by J.H. France which was or may have been so furnished and which was so used, was furnished in strict

conformity to the conditions specified or to the specifications issued by or under the direction of said employers.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

J.H. France avers that the state of the medical and scientific knowledge regarding asbestos-containing products and/or their contents, at all times material hereto, was such that J.H. France never knew nor could have known that its product presented any risk or harm to the Plaintiffs if such product were properly used.

WHEREFORE, J.H. France demands that Plaintiffs' Complaint be dismissed and J.H. France awarded its costs.

Defendant,
J.H. France Refractories Company
By its Attorneys,

Mark O. Denehy (#3492)
R. Bart Totten (#5095)
James R. Oswald (#5727)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: June 27, 2005

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was mailed to the following on June 27, 2005:

James F. Early, Esquire
Early Ludwick & Sweeney
One Century Tower – 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Lawrence G. Cetrulo, Esquire
Nancy Kelly, Esquire
Cetrulo & Capone, LLP
Two Seaport Lane
Boston, MA 02210

20731_1.doc