UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOHN SCHWARTZ AND ELISE SCHWARTZ

VS. C.A. NO.: 05-104L

BIRD, INC., ET AL

## ANSWER OF BIRD, INC.

### FIRST DEFENSE

The Complaint and each count thereof fails to state a claim or claims upon which relief may be granted against this Defendant.

### SECOND DEFENSE

The Plaintiff by his free and voluntary acts and be freely and voluntarily placing himself in a position of danger, assumed the risks ordinarily incident to such acts. The risks incident to the Plaintiff's acts were open, apparent, and actually known to him and the conditions described in the Complaint and the injury or damage, if any, sustained by the Plaintiff were proximately caused by his free and voluntary assumption of such risks.

### THIRD DEFENSE

The Plaintiff misused or improperly used the products referred to in the Complaint, and such misuse or improper use proximately caused and contributed, in whole or in part, to the conditions described in the Complaint and the damages sustained by the Plaintiff.

### FOURTH DEFENSE

The Plaintiff failed to observe and use ordinary care to avoid injury, knowing that the product or products he was using could damage if misused and therefore, the proximate cause of his injuries and damages was his own negligence.

### FIFTH DEFENSE

If the Plaintiff suffered damage as the result of the allegations set forth in the Complaint, which this Defendant denies, such damage or damages did not result, directly or indirectly, from any act or omission of this Defendant, but rather such damage, if any, resulted from the acts or omissions of persons or parties other than this Defendant, for which act' or omission this Defendant is in no way liable, and Plaintiff therefore are not entitled to recover from this Defendant.

**SIXTH DEFENSE**

If Plaintiff suffered injury and damage as a result of the allegations as set forth in the Complaint, which this Defendant denies, such damage was caused by the negligence of the Plaintiff's employer or employers, and the negligence of said employer constitutes the intervening ad sole proximate cause of the damage suffered by the Plaintiff.

**SEVENTH DEFENSE**

If there was any breach or warranty, expressed or implied, for which the Defendant is allegedly responsible, no notice of such breach has ever been given to this Defendant by either the Plaintiff, or by any other person on his behalf, as by statute made and provided.

**EIGHTH DEFENSE**

As to the Complaint, and each court thereof, Defendant avers that all claims are barred in whole or in part by the applicable Statute of Limitations Section 9-1-13 G.L.R.I. 1956, as amended.

**NINTH DEFENSE**

As to the Complaint, and each count thereof, the Defendant avers that all claims are barred in whole or in part by the applicable Statute of Limitations, Section 6A-2-725 G.L.R.I. 1956, as amended.

**TENTH DEFENSE**

Plaintiff has failed to join as party Defendants identifiable and indispensable parties.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to a judgment against the Defendant for a period of damages pursuant to RI Statutory and Common Law.

**TWELFTH DEFENSE**

As to the Complaint, all counts and its paragraphs, the Defendant states and reaffirms that it is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint and hereby denies each and every remaining allegation contained in all counts in all paragraphs of the Plaintiff's Complaint.

## THIRTEENTH DEFENSE

The defendant affirmatively pleads lack of service, insufficient service of process.

## FOURTEENTH DEFENSE

The plaintiff's claim is barred by the Statute of Repose.

## CROSSCLAIMS AND ANSWER TO CROSSCLAIM

Pursuant to the order entered December 3, 1996 by the Court, the answering defendant hereby adopts the model crossclaim of defendants/crossclaim plaintiff against all defendants and third-party defendant's. The defendant further adopts the model answer of all defendants and third party defendants to crossclaim of any and all defendants/crossclaim plaintiff.

Defendant,
BIRD, INC.,
BY ITS ATTORNEY,

Peter F. Mathieu, Esq. (#3992)
BALUCH, GIANFRANCESCO
MATHIEU & SZERLAG
155 South Main Street, Suite 101
Providence, Rhode Island 02903
(401) 331-1434

Defendant hereby demands a trial by jury.

PETER F. MATHIEU, ESQUIRE

## CERTIFICATION

The undersigned hereby certifies a copy of the within was mailed, postage prepaid, to **John Deaton, Esq.**, EARLY, LUDWICK & SWEENEY, L.L.C., 265 Church Street, 1st Floor, PO Box 1866, New Haven, Connecticut 06508-1866 and all counsel of record on the 24th day of June, 2005.