UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN SCHWARTZ AND ELISE SCHWARTZ :
:
VS. : C.A. No.: 05-104L
:
AMERICAN STANDARD, INC., et al :

**ANSWER AND AFFIRMATIVE DEFENSES ON BEHALF OF HOMASOTE COMPANY TO PLAINTIFFS' AMENDED COMPLAINT DATED MARCH 2, 2005**

Defendant Homasote Company, a named Defendant in the above-numbered and entitled cause (hereinafter referred to as "Homasote") hereby answers Complaint as follows:

1. Homasote is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

2. Denied for lack of sufficient knowledge or information.

2.(a-r) Denied for lack of sufficient knowledge or information.

2. (s) Admitted that Homasote is a New Jersey corporation with its principal place of business in the State of New Jersey. Homasote neither admits nor denies the remaining allegations of this paragraph and leaves plaintiffs to their proof.

2. (t-am) Denied for lack of sufficient knowledge or information.

3. Denied.

4. Homasote is without sufficient knowledge or information to form a belief as to the truth of the averments in this paragraph, therefore, the same are deemed denied.

5. Denied.

**FIRST COUNT**

Homasote hereby incorporates by reference the answers to paragraphs 1 through 5 as though the same were fully set forth herein at length.

6-29. Denied.

WHEREFORE, Homasote demands judgment in its favor.

**SECOND COUNT**

Homasote hereby incorporates by reference the answers to paragraphs 1 through 29 as though the same were fully set forth herein at length.

30-33. Denied.

WHEREFORE, Homasote demands judgment in its favor.

**THIRD COUNT**

Homasote hereby incorporates by reference the answers to paragraphs 1 through 33 as though the same were fully set forth herein at length.

34. Denied.

WHEREFORE, Homasote demands judgment in its favor.

**FOURTH COUNT**

Homasote hereby incorporates by reference the answers to paragraphs 1 through 34 as though the same were fully set forth herein at length.

35-38. Denied.

WHEREFORE, Homasote demands judgment in its favor.

**FIFTH COUNT**

Homasote hereby incorporates by reference the answers to paragraphs 1 through 38 as though the same were fully set forth herein at length.

39. Denied.

WHEREFORE, Homasote demands judgment in its favor.

## SIXTH COUNT

Homasote hereby incorporates by reference the answer to paragraphs 1 through 39 as though the same were fully set forth herein at length.

The allegations in this Count are addressed to a Defendant other than Homasote, therefore, no answer is required. But, in the event that any allegations contained in this Count are deemed relevant to Homasote, the same are denied.

WHEREFORE, Homasote demands judgment in its favor.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the person and/or subject matter of this action, and this defendant reserves the right to move for dismissal of the complaint.

## SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

At all times, this defendant acted reasonably and with due care toward plaintiff and was not negligent.

## FOURTH AFFIRMATIVE DEFENSE

Any damages which plaintiff sustained resulted solely from his own negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are completely barred or diminished pursuant to the doctrine of comparative negligence.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims regarding breach of warranty are barred by reason of lack of privity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages resulted from the superseding and intervening acts or the fault of other parties over whom this defendant had no control and for whose actions this defendant is not liable.

## EIGHTH AFFIRMATIVE DEFENSE

The concept of strict liability does not apply to this litigation.

## NINTH AFFIRMATIVE DEFENSE

Any damages which plaintiff may have sustained resulted from plaintiff's assumption of risk arising from and attendant to the use of products allegedly manufactured or supplied by this defendant.

## TENTH AFFIRMATIVE DEFENSE

Any products which this defendant allegedly supplied were substantially changed after leaving the defendant's control.

## ELEVENTH AFFIRMATIVE DEFENSE

Any injuries which plaintiff may have sustained resulted from the unauthorized, unintended and improper use or misuse of the products alleged.

## TWELFTH AFFIRMATIVE DEFENSE

At all relevant times, this defendant complied with all applicable laws, ordinances, regulations and standards.

## THIRTEENTH AFFIRMATIVE DEFENSE

This defendant denies that there existed any warranties, express or implied, to the plaintiff in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

This defendant breached no warranties, express or implied.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not in privity with this defendant, and plaintiff may not recover upon any alleged breach

of any alleged warranty, express or implied.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to provide any notice to this defendant of any alleged defect in any product which this defendant allegedly supplied or manufactured.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the applicable statutes of limitation and/or statutes of repose.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not reasonably and justifiably rely on any alleged representations or warranties, express or implied.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred by the doctrines of estoppel, laches and/or waiver.

**TWENTIETH AFFIRMATIVE DEFENSE**

In the event that any product manufactured or supplied by this defendant is determined to have been dangerous, this defendant was unaware of that danger and discovery of it was beyond the state of the art at that time.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

If it is determined that this defendant supplied any product to any of plaintiff's employers or to any site where plaintiff worked, plaintiff's employers were learned intermediaries or sophisticated users, and they had an affirmative duty either to warn plaintiff or to protect plaintiff from those dangers.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The plaintiff was a sophisticated user and was fully aware of any and all potentially dangerous conditions.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

To the extent that plaintiff is able to establish his use or exposure to asbestos based products, that use or exposure was minimal and was not a substantial factor in causing any harm which plaintiff alleges.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Economic and consequential damages are not properly recoverable in tort actions, including actions based on negligence or strict liability.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Punitive damages are improper and are unconstitutional.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate any damages he claims in this lawsuit.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of plaintiff's failure to join necessary and indispensable parties.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff is unable to identify any manufacturer of any product which allegedly caused his injuries, plaintiff cannot state a claim upon which relief may be granted because that failure would violate this defendant's constitutional rights: (1) to substantive and procedural due process of law and equal protection guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Rhode Island; and (2) protection against the taking of private property for public use without just compensation guaranteed by the Fourteenth Amendment of the United States Constitution and by the Rhode Island Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

In the event that plaintiff succeeds in establishing that any conduct of this defendant caused or contributed to the injuries which plaintiff alleges, any damages awarded against this defendant must be reduced pro tanto by any workmen's compensation to which the plaintiff is or may be entitled under the applicable statutes.

**THIRTIETH AFFIRMATIVE DEFENSE**

This defendant adopts by reference all affirmative defenses raised by all other defendants except to the extent that they may make any allegations against this defendant.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

The plaintiff's action fails for lack and insufficiency of service of process.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Based on the circumstances and facts alleged, venue is not proper herein.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of forum non-conveniens.

Defendant
Homasote Company
By Its Attorneys,

HIGGINS, CAVANAGH & COONEY

James A. Ruggieri #2828
123 Dyer Street
Providence, RI 02903
(401) 272-3500

**DEFENDANT HEREBY DEMANDS TRIAL BY JURY.**

**CERTIFICATION**

I hereby certify that on the 7th day of July, 2005, a true copy of the within was mailed to:

John E. Deaton, Esq.
EARLY, LUDWICK, SWEENEY & STRAUSS
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

Jennifer Whelan, Esq.
CETRULO & CAPONE
2 Seaport Lane, 10th Floor
Boston, MA 02210