UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ and<br>ELISE SCHWARTZ<br>Plaintiffs, | : | |
| vs. | : | C.A. No. 05-104L |
| AMERICAN STANDARD, INC. (Alias) et al<br>Defendants. | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANT THE DOW CHEMICAL COMPANY TO PLAINTIFFS' COMPLAINT**

Defendant The Dow Chemical Company (hereinafter "Dow") demands a trial by jury in the above-referenced action and hereby files this Answer to the Plaintiffs' Complaint.

1. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and therefore denies the same.

2. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and therefore denies the same.

2a-h. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in these paragraphs and therefore denies the same.

2i. Dow denies each and every allegation contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

2j-am. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in these paragraphs and therefore denies the same.

3. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in these paragraphs and therefore denies the same.

4. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in these paragraphs and therefore denies the same.

5. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in these paragraphs and therefore denies the same.

## FIRST COUNT

1-5. Dow repeats and reasserts its answer to paragraphs 1 through 5 as its answers to this paragraph as if more fully set forth herein.

6. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and therefore denies the same.

7. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and therefore denies the same.

8. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

9. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

10. Dow is without information or knowledge sufficient to admit or deny the truth of the allegations contained in this paragraph and therefore denies the same.

11. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

12. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

13. Dow denies each and every one of the allegations contained in this paragraph and subparagraphs (a) through (h) to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

14. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

15. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

16. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to

other Defendants and therefore denies the same.

17. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

18. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

19. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

20. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

21. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

22. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or

knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

23. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

24. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

25. Dow denies that "numerous" workers' compensation claims were filed against it and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

26. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

27. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

28. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

29. Dow denies each and every one of the allegations contained in this paragraph and subparagraphs (a) through (j) to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

## SECOND COUNT

1-29. Dow repeats and reasserts its answer to paragraphs 1 through 29 as its answers to this paragraph as if more fully set forth herein.

30. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

31. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

32. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to

other Defendants and therefore denies the same.

33. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

## THIRD COUNT

1-33. Dow repeats and reasserts its answer to paragraphs 1 through 33 as its answers to this paragraph as if more fully set forth herein.

34. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

## FOURTH COUNT

1-34. Dow repeats and reasserts its answer to paragraphs 1 through 34 as its answers to this paragraph as if more fully set forth herein.

35. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

36. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or

knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

37. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

38. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

**FIFTH COUNT**

1-38. Dow repeats and reasserts its answer to paragraphs 1 through 38 as its answers to this paragraph as if more fully set forth herein.

39. Dow denies each and every one of the allegations contained in this paragraph to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

**SIXTH COUNT**

1-39. Dow repeats and reasserts its answer to paragraphs 1 through 39 as its answers to this paragraph as if more fully set forth herein.

40-41. These paragraphs do not contain allegations against Dow. To the extent these paragraphs may be construed to contain allegations against Dow, said allegations are denied.

42. Dow denies each and every one of the allegations contained in this paragraph and subparagraphs (a) through (c) to the extent the allegations relate to Dow, and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

43. Dow denies each and every one of the allegations contained in this paragraph and subparagraphs (a) through (f) to the extent the allegations relate to Dow and is without information or knowledge sufficient to form a belief as to the truth of the allegations as they relate to other Defendants and therefore denies the same.

WHEREFORE, Dow demands judgment in its favor plus costs.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over this Defendant for the causes of actions alleged in the Plaintiffs' Complaint, pursuant to applicable law.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over this Defendant by reason of failure of process and failure of service of process.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims set forth in Plaintiffs' Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Based on the circumstances and facts alleged, venue is not proper herein.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defense of forum non-conveniens.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join a party or parties necessary for a just adjudication of this matter and have further omitted to state any reasons for such failure.

**SEVENTH AFFIRMATIVE DEFENSE**

The causes of action alleged in Plaintiffs' Complaint are barred by the applicable statutes of limitations and statutes of repose.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrines of laches, waiver and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Any alleged defect or risk or known foreseeable danger attendant to the use of asbestos-containing products was known, or should have been known, to the Plaintiffs at the same time they became known, if at all, to this Defendant, and Plaintiffs willingly, knowingly, and voluntarily exposed themselves thereto and assumed the risk thereof, and, therefore, recovery is barred.

**TENTH AFFIRMATIVE DEFENSE**

If it is judicially determined that Defendant was negligent or breached a duty as alleged, which is specifically denied, then such negligence or breach of duty was not a proximate cause of the injuries and damages claimed.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs were negligent and failed to exercise ordinary care for their own safety and well-being and that negligence and failure to exercise ordinary care proximately and

directly caused and/or contributed to Plaintiffs' alleged illness and injury. If it is judicially determined that Defendant was negligent as alleged, which is specifically denied, then Plaintiffs were guilty of contributory and/or comparative negligence which bars or limits all claims for recovery made herein.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred because damages or losses experienced, if any, were not due to any act or omission of this Defendant, but were caused solely by the intervening acts or omissions of a third-party or parties other than this Defendant, including, but not limited to, Plaintiffs' employers, for whose acts or failure to act this Defendant is not liable or responsible and over whom this Defendant had neither control nor the right of control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that there existed any warranties, either express or implied, between it and the Plaintiffs in this action. If any warranties, either express or implied, existed in this case, which Defendant denies, Defendant did not breach said warranties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Defendant, its servants or agents made any express warranties, allegations which the Defendant specifically denies, then Plaintiffs did not rely on the express warranties and, further, there was no such reliance by any person or entity authorized to represent Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs, prior to the filing of this Complaint, never informed this Defendant, by notification or otherwise, of any breach of express and/or implied warranties. Plaintiffs

failed to give reasonable notice of the alleged breach of warranties within a reasonable time as required by law. Consequently, Plaintiffs' claims for alleged breaches of warranties against this Defendant are barred.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that privity of contract between Plaintiffs and itself ever existed. Consequently, Plaintiff's claims for alleged breaches of warranties are barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Defendant was negligent or in breach of warranty, all of which it expressly denies, Defendant's liability in any or all of these events has been terminated by the intervening acts, omissions or negligence of others over whom this Defendant had neither control, nor the right of control, and for whose conduct the Defendant is not legally responsible or liable.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distribution, delivery, and/or sale, in any asbestos product or material referred to in Plaintiffs' Complaint, but if there was any defect or negligence as alleged, which Defendant expressly denies, then the Defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' employer or its agents, servants or employees were in control and possession of the surrounding environment and worksite of its employees, including Plaintiffs, and was charged with the responsibility of maintaining a safe workplace for

such persons under its control, and failed to do so, thereby exposing Plaintiffs to an alleged unreasonable condition.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' employer or employers were negligent with respect to the matters set forth in the Complaint, and such negligence caused in whole or in part whatever disease, injury, or disability, if any, which Plaintiffs may have sustained, as set forth in the Complaint. If Plaintiffs are determined to be entitled to recover against Defendant, which Defendant specifically denies, Plaintiffs are not entitled to recover in the amount set forth in the Complaint because Plaintiffs' claims are barred or limited by any and all workers' compensation payments against any judgment which might be rendered in Plaintiffs' favor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have released, settled, entered into an accord and satisfaction or otherwise compromised their claims herein, and accordingly, said claims are barred by operation of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant expressly denies that it manufactured, designed, and/or sold any products referred to in Plaintiffs' Complaint which caused injury to Plaintiffs. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiffs and/or other persons without this Defendant's knowledge and approval re-designed, modified, altered, and used this Defendant's products contrary to instructions and contrary to the custom and practice of the industry. This re-design, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product,

which Defendant specifically denies, such defect resulted solely from the re-design, modification, alteration or other such treatment or change and not from any act or omission by this Defendant. Therefore, said defect, if any, was created by Plaintiffs and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiffs allegedly suffered.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant expressly denies that it manufactured, designed and/or sold any products referred to in Plaintiffs' Complaint which caused injury to Plaintiffs. Notwithstanding, at all times and places mentioned in the Complaint, Plaintiffs and/or other persons used Defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to Defendant, and for a purpose for which the products were not intended, manufactured, or designed. Plaintiffs' injuries and damages, if any, were directly and proximately caused by said misuse and abuse and Plaintiffs' recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to Plaintiffs and/or such other parties or persons.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all times and places mentioned in the Complaint, Plaintiffs have failed to take reasonable precaution for their own safety and otherwise failed to make reasonable efforts to mitigate or minimize his injuries and damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs were exposed to any of this Defendant's products, which Defendant expressly denies, then Defendant is not liable to the Plaintiffs as a matter of law because any such product was manufactured, supplied and delivered in accordance

with government specifications, government contracts and/or at the direction of government officers. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of Defendant, and by reasons thereof, Defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

This Defendant avers that the state of the medical and scientific knowledge and the state of the art regarding its products and/or its contents, at all times material hereto, was such that this Defendant never knew nor could have known that its products presented any risk or harm to the Plaintiffs if such products were properly used.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This Defendant avers that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages are groundless in fact and fail to state a claim upon which relief can be granted.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Defendant's right to due process and equal protection under the law and are otherwise unconstitutional under the Fifth and Fourteenth Amendments of the United States Constitution, and all applicable provisions of the Constitution of the State of Rhode Island.

## THIRTIETH AFFIRMATIVE DEFENSE

An award of exemplary or punitive damages against Defendant would violate the excessive fines clause of the Eighth Amendment as applied to the states through the Fourteenth Amendment and all applicable provisions of the Constitution of the State of Rhode Island.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiffs, to the extent that Plaintiffs are unable identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted because such relief, if granted, would constitute a taking of Defendant's property for a public use without just compensation, a violation of Defendant's constitutional rights.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiffs, to the extent that Plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a violation of Defendant's constitutional rights to substantive and procedural due process of law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The causes of action asserted by Plaintiffs, to the extent that Plaintiffs are unable to identify the manufacturer or manufacturers of the products which allegedly caused injury, fail to state a claim upon which relief can be granted, because such relief, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection under the law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant avers that if Plaintiffs have settled with and/or released other Defendants or entities who are tortfeasors, this Defendant is entitled to a reduction of any judgment either in the total of all the settlement amounts or the pro-rata share of fault of said tortfeasors as determined by the Court or jury, whichever is greater.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

In those cases where the Plaintiffs were employees of this Defendant, this Defendant avers that Plaintiffs' claims are barred by the Rhode Island Workers' Compensation Act.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery in this action because Plaintiffs' exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act or analogous Rhode Island statute.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' employers, by their agents, servants and employees, at all times relevant hereto, were learned intermediaries and sophisticated users, possessed a high degree of knowledge and sophistication in relation to the Defendants, had superior means and ability to appreciate any alleged hazard regarding the use of asbestos material, had means and ability, superior to that of this Defendant to warn the Plaintiffs, and failed to warn the Plaintiffs of the alleged hazard.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs establish any exposure to Defendant's products, which Defendant expressly denies, said exposure was de minimus and so minimal as to be insufficient to

establish to a reasonable degree of probability that its products caused or contributed to Plaintiffs' claimed injuries.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendant avers that there was no conspiracy.

**FORTIETH AFFIRMATIVE DEFENSE**

If Plaintiff is barred from recovery, then the action of the Plaintiff's spouse is also barred because it is a derivative action.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The minimum recovery provision of the Rhode Island Wrongful Death Act, R.I.G.L. § 10-7-2, violates Defendant's constitutional rights under the United States Constitution and the Constitution of the State of Rhode Island.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's spouse's claim, if any, is barred by R.I.G.L. § 9-1-41 and its enabling legislation because the alleged tortious acts did not occur after May 1984.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

If Defendant is found liable, it is only severally liable, under applicable Rhode Island law.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant avails itself of, and adopts, such other affirmative defenses raised by any other Defendants as may be applicable.

**JURY DEMAND**

Defendant demands a trial by jury on Plaintiffs' claims.

**CROSS-CLAIM AND ANSWER TO CROSS-CLAIM**

Pursuant to this Court's December 3, 1996 Order, and any other applicable Orders, Defendant hereby adopts the Model Cross-Claim of Defendants/Cross-Claim Plaintiffs against all Defendants and Third-Party Defendants. Defendant hereby also adopts the Model Answer of All Defendants and Third-Party Defendants to Cross-Claims of Defendants/Cross-Claim Plaintiffs.

WHEREFORE, Defendant demands judgment against Defendants and Third-Party Defendants for all damages proved at trial, including compensatory damages, plus attorneys' fees, interest and costs, and such other relief as the Court deems just and proper.

**JURY DEMAND**

Defendant demands a trial by jury on the claims asserted by it in the Model Cross-Claim and on any claims asserted against it by Defendants/Cross-Claim Plaintiffs.

Defendant,
The Dow Chemical Company,
By its Attorneys,

Mark O. Denehy (#3492)
R. Bart Totten (#5095)
James R. Oswald (#5727)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
Dated: July 22, 2005

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was mailed to the following on July 22, 2005:

James F. Early, Esquire
Early Ludwick & Sweeney
One Century Tower – 11th Floor
265 Church Street
P.O. Box 1866
New Haven, CT 06508-1866

Lawrence G. Cetrulo, Esquire
Nancy Kelly, Esquire
Cetrulo & Capone, LLP
Two Seaport Lane
Boston, MA 02210

Debra S. Kubacki

20944_1.doc