UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **JOHN SCHWARTZ** ) | **NO: 05-104-L** |
| Plaintiff, ) | |
| v. ) | |
| **AMERICAN STANDARD, et. al.** ) | |
| Defendants. ) | |

**ANSWER AND**
**JURY DEMAND OF DEFENDANT**
**GENERAL MOTORS CORPORATION**

GENERAL MOTORS Corporation. ("GENERAL MOTORS") responds to the Plaintiff's complaint as follows:

1. GENERAL MOTORS does not have sufficient information to either admit or deny the allegations of Paragraph 1 of the complaint.

2a-2o. GENERAL MOTORS does not have sufficient information to either admit or deny the allegations of Paragraphs 2a-2o of the complaint.

2p. GENERAL MOTORS denies that it is a Michigan corporation, admits that its principal place of business is in Michigan, and denies the remaining allegations of the paragraph.

2q-2am. GENERAL MOTORS does not have sufficient information to either admit or deny the allegations of Paragraphs 2q-2am of the complaint.

3. GENERAL MOTORS admits that it has conducted business in the state of Rhode Island. However, insofar as these allegations are intended to suggest that

GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

4. Insofar as the allegations or paragraph 4 of the Complaint are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, these allegations are denied. The allegations call for legal conclusions and no answer is required.

5. No response is required to paragraph 5 of the Complaint.

**FIRST COUNT**

GENERAL MOTORS incorporates its answers to paragraphs 1 through 5 as if set forth in full.

6. GENERAL MOTORS has insufficient knowledge or information to either admit or deny the allegations of paragraph 6 of the First Count the Complaint because GENERAL MOTORS does not know John Schwartz's employer.

7-29. Insofar as the allegations of paragraphs 7-29 are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, or committed tortious acts, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

**SECOND COUNT**

GENERAL MOTORS incorporates its answers to paragraphs 1 through 29 as if set forth in full.

30-33. Insofar as the allegations of paragraphs 30-33 are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, or committed tortious acts, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

**THIRD COUNT**

GENERAL MOTORS incorporates its answers to paragraphs 1 through 33 as if set forth in full.

34. Insofar as the allegations of paragraph 34 are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, or committed tortious acts, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

**FOURTH COUNT**

GENERAL MOTORS incorporates its answers to paragraphs 1 through 34 as if set forth in full.

35-38. Insofar as the allegations of paragraphs 35-38 are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, or committed tortious acts, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

**FIFTH COUNT**

GENERAL MOTORS incorporates its answers to paragraphs 1 through 38 as if set forth in full.

39. Insofar as the allegations of paragraph 39 are intended to suggest that GENERAL MOTORS has negligently or intentionally breached any duty it may have had to the plaintiff, or committed tortious acts, these allegations are denied. As to the remaining allegations, GENERAL MOTORS has insufficient knowledge or information to either admit or deny those allegations.

**SIXTH COUNT**

GENERAL MOTORS incorporates its responses to paragraphs 1-28 of the Complaint.

No response is required to the allegations the Sixth Count of the Complaint because those allegations are not directed to GENERAL MOTORS. If called upon to respond, GENERAL MOTORS would deny those allegations.

**First Defense**

The Complaint, and each count thereof, fails to state a claim against GENERAL MOTORS upon which relief can be granted.

**Second Defense**

The court lacks jurisdiction over GENERAL MOTORS because of the insufficiency of process and service of process, including untimely service of process.

**Third Defense**

The court lacks subject matter jurisdiction over GENERAL MOTORS.

**Fourth Defense**

Plaintiff's claims against GENERAL MOTORS are barred because Plaintiff's

exclusive remedy is recovery of workmen's compensation benefits.

**Fifth Defense**

Plaintiff's claims are barred because they were not brought within the times prescribed by the applicable statutes of limitations.

**Sixth Defense**

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the Plaintiff resulted from or were caused by the contributory negligence of the Plaintiff.

**Seventh Defense**

GENERAL MOTORS says that the injuries and damages allegedly suffered by the Plaintiff resulted from or were caused or contributed to by the negligence of the Plaintiff, which negligence was equal to or greater than any alleged negligence of GENERAL MOTORS or any alleged total negligence of the defendants.

**Eighth Defense**

GENERAL MOTORS performed each and every duty, if any, owed to the Plaintiff and was not negligent.

**Ninth Defense**

Any conduct allegedly causing liability on the part of GENERAL MOTORS was not a substantial or causative factor of the Plaintiff resulting injuries or damages.

**Tenth Defense**

Plaintiff are not entitled to recover in the amounts prayed for in the complaint because the negligence of the Plaintiff has diminished whatever right, if any, Plaintiff might ever have had to such recovery.

**Eleventh Defense**

Plaintiff's claims are barred because the Plaintiff knowingly assumed the risk of the injuries and damages allegedly suffered.

**Twelfth Defense**

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the Plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities.

**Thirteenth Defense**

Plaintiff is barred from maintaining this action by the doctrine of laches.

**Fourteenth Defense**

Plaintiff's claims are barred by estoppel and waiver.

**Fifteenth Defense**

Plaintiff may have failed to mitigate their damages.

**Sixteenth Defense**

Plaintiff's claims are barred because the injuries and damages allegedly suffered by the Plaintiff resulted from or were caused by misuse of products by the Plaintiff.

**Seventeenth Defense**

The injuries of which the Plaintiff complains were caused by the acts and omissions of persons or entities for which GENERAL MOTORS is not responsible.

**Eighteenth Defense**

Plaintiff's claims are barred because the injuries and damages allegedly suffered were caused in whole or in part by the violation by the Plaintiff, their servants or agents, of the various statutes, ordinances and regulations governing the conduct of the parties at

the time said injuries or damages were sustained.

**Nineteenth Defense**

Any asbestos products which may have been sold or used by GENERAL MOTORS were not unsafe.

**Twentieth Defense**

GENERAL MOTORS did not fail to take reasonable precautions and did not fail to exercise reasonable care.

**Twenty-First Defense**

Any asbestos products which may have been sold or used by GENERAL MOTORS were not incorrectly packaged.

**Twenty-Second Defense**

GENERAL MOTORS did not mine asbestos or asbestos products.

**Twenty-Third Defense**

Any asbestos products which may have been sold or used by GENERAL MOTORS were not defective.

**Twenty-Fourth Defense**

GENERAL MOTORS denies that it or its agents or servants made any implied warranties as alleged.

**Twenty-Fifth Defense**

GENERAL MOTORS says that if any of its agents or servants made any warranties (allegations which it specifically denies) then its agents or servants did so without authority, expressed or implied.

**Twenty-Sixth Defense**

GENERAL MOTORS says that if its servants or agents made any warranties (allegations which it specifically denies) then the Plaintiff did not rely on the warranties and further, there was no such reliance by any person or entity authorized to represent the Plaintiff.

**Twenty-Seventh Defense**

GENERAL MOTORS says that if it or its agents or servants made any warranties express or implied (allegations which the defendant specifically denies) then GENERAL MOTORS denies that it breached any of the warranties.

**Twenty-Eighth Defense**

GENERAL MOTORS says that the Plaintiff failed to give notice of the alleged breach of warranties within a reasonable time as required by applicable statutes.

**Twenty-Ninth Defense**

GENERAL MOTORS says that the failure of the Plaintiff to give the required statutory notice of the alleged breaches of warranties to GENERAL MOTORS resulted in delay and prejudice to GENERAL MOTORS in this case and therefore the Plaintiff cannot recover.

**Thirtieth Defense**

GENERAL MOTORS denies that privity of contract between the Plaintiff and GENERAL MOTORS ever existed.

**Thirty-First Defense**

GENERAL MOTORS says that the Plaintiff's employer or employers were negligent with respect to the matters set forth in the complaint, that such negligence

caused in whole or in part whatever disease, injury or disability, if any, which the Plaintiff may have sustained, as set forth in the complaint and that the Plaintiff received workmen's compensation benefits from Plaintiff's employer or employers. Therefore, even if the Plaintiff are entitled to recover against GENERAL MOTORS which GENERAL MOTORS specifically denies, they are not entitled to recover in the amount set forth in the complaint because GENERAL MOTORS is entitled to set off any and all of the aforesaid workmen's compensation payments against any judgment which might be rendered in the Plaintiff's favor.

**Thirty-Second Defense**

Any asbestos products which may have been sold or used by GENERAL MOTORS were not unreasonably dangerous.

**Thirty-Third Defense**

Any asbestos products which may have been sold or used by GENERAL MOTORS may have been substantially changed in their condition after said products left the possession and control of GENERAL MOTORS.

**Thirty-Fourth Defense**

GENERAL MOTORS provided all necessary, required or adequate warnings and instructions.

**Thirty-Fifth Defense**

The injuries and/or losses alleged to have been sustained were not caused by any product produced, sold or used by GENERAL MOTORS.

**Thirty-Sixth Defense**

The injuries and/or losses alleged to have been sustained were not caused by the

conduct of GENERAL MOTORS.

**Thirty-Seventh Defense**

The liability of GENERAL MOTORS, if any, is barred or limited by the provisions of the applicable Workmen's Compensation Act or the Occupational Disease Act.

**Thirty-Eighth Defense**

GENERAL MOTORS says that no sale of goods occurred within the meaning of Article 2 of the Uniform Commercial Code.

**Thirty-Ninth Defense**

Recovery is barred by the doctrines of collateral estoppel and/or res judicata.

**Fortieth Defense**

Plaintiff's claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Rhode Island law is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate GENERAL MOTORS' due process rights under the United States and Rhode Island Constitutions.

**Forty-First Defense**

Plaintiff's claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damage award under Rhode Island law, and because Rhode Island law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate GENERAL MOTORS' due process rights

under the United States and Rhode Island Constitutions.

**Forty-Second Defense**

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Rhode Island law without proof of every element beyond a reasonable doubt would violate GENERAL MOTORS' rights under Amendments IV, V, and XIV to the United States Constitution and under related provisions of the Rhode Island Constitution.

**Forty-Third Defense**

Plaintiff's claims for punitive damages cannot be sustained, because an award under Rhode Island law without proof of every element by clear and convincing evidence would violate GENERAL MOTORS' rights under the due process clauses of the United States and Rhode Island Constitutions.

**Forty-Fourth Defense**

Plaintiff's claims for punitive damages cannot be sustained, because any award of punitive damages under Rhode Island law without bifurcating the trial as to all punitive damages issues would violate GENERAL MOTORS' due process rights under the United States and Rhode Island Constitutions.

**Forty-Fifth Defense**

Plaintiff's claims for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect GENERAL MOTORS against multiple punishment for the same alleged wrong in future cases. Therefore, any award of punitive damages would violate GENERAL MOTORS' due process rights under the United States and Rhode Island Constitutions.

**Forty-Sixth Defense**

Plaintiff were not people who GENERAL MOTORS could reasonably have expected to use, consume, or be affected by its products as contemplated by R.I. Gen. Laws § 6A-2-318.

**Forty-Seventh Defense**

GENERAL MOTORS cannot be held liable under principles of strict tort liability under the laws of the State of Rhode Island for actions taken, products manufactured and/or products which left its possession before to October 3, 1973.

**JURY DEMAND**

GENERAL MOTORS demands a trial by jury on all issues.

**GENERAL MOTORS CORPORATION**
By Its Attorneys,

**CAMPBELL CAMPBELL EDWARDS & CONROY PROFESSIONAL CORPORATION**

Holly M. Polglase # 5692
Charles K. Mone # 5468
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

**CERTIFICATE OF SERVICE**

I, Charles K. Mone, Esq., Counsel for the Defendant, do hereby certify that a true copy of the above document was sent by first class mail to counsel for the Plaintiff and that a true copy was sent to all attorneys of record by e-mail with notice that a signed copy would be provided upon request.

Charles K. Mone