UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN SCHWARTZ AND<br>ELISE SCHWARTZ | : | |
| VS. | : | C.A. NO. 05-104L |
| AMERICAN STANDARD., INC., et. als.,<br>Defendants. | : | |

ANSWER OF DEFENDANT
RAPID-AMERICAN CORPORATION TO PLAINTIFFS' AMENDED COMPLAINT

**RAPID-AMERICAN CORPORATION ("Rapid")**, by its attorneys Rice, Dolan & Kershaw, for its Answer to the Plaintiffs' Complaint in which it is named as a Defendant, alleges as follows:

1. Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 1.

2. - 2(ac). Denies each and every allegation contained in Paragraphs 2 through 2(ac) of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraphs 2 through 2(ac).

2(ad). Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 2(ad) of the Complaint, and denies that Rapid is a New York corporation.

2(ae) - 5. Denies each and every allegation contained in Paragraphs 2(ae) through 5 of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraphs 2(ae) - 5.

FIRST COUNT

As to the allegations contained in Paragraphs 1 through 5 of the Complaint, Rapid restates those answers which have been previously stated hereinabove with the same force and effect as if they had been set forth herein.

6. - 29. Denies each and every allegation contained in Paragraphs 6 through 29 of the Complaint insofar as these allegations pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraphs 6 through 29 of the Complaint.

SECOND COUNT

As to the allegations contained in Paragraphs 1 through 29 of the Complaint, Rapid restates those answers which have been previously stated hereinabove with the same force and effect as if they had been set forth herein.

30. - 33. Denies each and every allegation contained in Paragraphs 30 through 33 of the Second Count of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraphs 30 through 33 of the said Second Count.

THIRD COUNT

As to the allegations contained in Paragraphs 1 through 33 of the Complaint, Rapid restates those answers which have been previously stated hereinabove with the same force and effect as if they had been set forth herein.

34. Denies each and every allegation contained in Paragraph 34 of the Third Count of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraph 34 of the said Third Count.

FOURTH COUNT

As to the allegations contained in Paragraphs 1 through 34 of the Complaint, Rapid restates those answers which have been previously stated hereinabove with the same force and effect as if they had been set forth herein.

35. - 38. Denies each and every allegation contained in Paragraphs 35 through 38 of the Fourth Count of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraphs 35 through 38 of the said Fourth Count.

FIFTH COUNT

As to the allegations contained in Paragraphs 1 through 38 of the Complaint, Rapid restates those answers which have been previously stated hereinabove with the same force and effect as if they had been set forth herein.

39. Denies each and every allegation contained in Paragraph 39 of the Fifth Count of the Complaint insofar as they pertain to Rapid, and denies knowledge or information sufficient to form a belief with respect to the truth of the balance of the allegations contained in Paragraph 39 of the said Fifth Count.

SIXTH COUNT

Although the Sixth Count is addressed only as to the defendant Metropolitan Life Insurance Co., the answers to all allegations of the above paragraphs are realleged and incorporated herein; and all allegations of all paragraphs in said Sixth Count are specifically denied by Rapid.

FIRST AFFIRMATIVE DEFENSE

Rapid denies that it has any liability, in law or in fact, to plaintiff, and further denies that it has at any time been engaged in any business which in any manner involved asbestos or asbestos-related products.

SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

THIRD AFFIRMATIVE DEFENSE

Venue is improper.

FOURTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction of Rapid. See certificate of negative qualification to do business in Rhode Island attached as "Exhibit A." Wherefore, Rapid moves that the Complaint be dismissed under Rule 12(b)(2).

FIFTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction of Rapid.

SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every allegation considered separately, fails to state a cause of action against Rapid upon which relief can be granted.

SEVENTH AFFIRMATIVE DEFENSE

All claims are time-barred by the applicable Statute of Limitations.

EIGHTH AFFIRMATIVE DEFENSE

The causes of action pleaded in the Complaint have not been asserted in a timely fashion and plaintiff(s) has neglected same and is barred by the doctrine of laches.

NINTH AFFIRMATIVE DEFENSE

To the extent that the causes of action pleaded by plaintiff fail to accord with the Uniform Commercial Code, including but not limited to Section 2-725 thereof, plaintiff's Complaint is time-barred.

TENTH AFFIRMATIVE DEFENSE

While defendant Rapid denies the plaintiff's allegations of negligence, strict product liability and enterprise liability, any injury and damages, to the extent that plaintiff may be able to prove them, were the result of intervening and/or interceding acts of superseding negligence on the part of parties over whom Rapid neither had control nor had the right to control.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the cause of action alleged in the Complaint.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has waived the cause of action and recovery alleged in the Complaint.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name and join essential and necessary parties.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks requisite capacity, standing and authority to bring the within action, as he/she is not the real party in interest.

FIFTEENTH AFFIRMATIVE DEFENSE

The within action cannot be maintained as there is another action pending between the same or similar parties for the same cause of action in a court of the state or the United States.

SIXTEENTH AFFIRMATIVE DEFENSE

If the plaintiff should prove that he/she sustained injuries and damages as alleged, such injuries and damages resulted from acts or omissions on the part of the third parties over whom this answering defendant had no control or right of control.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff, his co-workers and employers misused, abused, mistreated and misapplied the products designated as asbestos material as alleged in the complaint. If the court finds that any misuse, abuse, mistreatment and/or misapplication of the product caused and/or contributed to the alleged damages or injuries to the plaintiff, Rapid requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse, abuse, mistreatment and/or misapplication, attributed to the plaintiff, their co-workers and/or employers bear to the conduct which caused the alleged damages or injuries.

EIGHTEENTH AFFIRMATIVE DEFENSE

Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action to recover damages for personal injuries, the amount of damages recoverable thereon must be diminished by reason of the culpable conduct attributable to the plaintiff, including contributory negligence and assumption of risk, by the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

NINETEENTH AFFIRMATIVE DEFENSE

Insofar as the Complaint, and each cause of action considered separately, alleges a cause of action each such cause of action is barred by reason of the culpable conduct attributable to the plaintiff, including contributory negligence and assumption of the risk.

TWENTIETH AFFIRMATIVE DEFENSE

The injuries allegedly suffered by plaintiff, if any (which injuries are specifically denied by Rapid), were the result of culpable conduct or fault of third persons for whose conduct Rapid is not legally responsible, and the damages recovered by plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages. Any liability on the part of Rapid (which liability is specifically denied) is fifty percent or less of the liability of all persons who are the cause of the alleged injury, if any, and the liability of Rapid for non-economic loss should not exceed Rapid's equitable share determined in accordance with the relative culpability of each such person causing or contributing to the total liability for non-economic loss.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in the Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

There was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of plaintiff, or malice (actual, legal or otherwise) on the part of Rapid with respect to plaintiff.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Rapid is informed and believes and, therefore, alleges that plaintiff is unable to identify the actual manufacturer or manufacturers of the asbestos products which allegedly caused the injury which forms the basis of the Complaint herein, and that said manufacturers were entities other than Rapid. Therefore, Rapid may not be held liable for plaintiff's injury.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff was warned of risk of exposure to asbestos containing products.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employer was and is a sophisticated user and knew independently or should have known of any danger or hazard associated with the use of a product containing asbestos and of exposure to asbestos dust or fibers. Furthermore, plaintiff's employer(s) was warned of the danger or hazard associated with the use of asbestos-containing products and that plaintiff's employer(s) failed to rely upon such warning resulting in alleged damages due to plaintiff's and plaintiff's employer's act or omission and failure to act as sophisticated users.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The causes of action pleaded in the Complaint based upon misrepresentation fail to meet legal requirements and therefore fail to state a claim upon which relief can be granted.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not directly or indirectly purchase any asbestos-containing products or materials from Rapid and plaintiff neither received nor relied on any representation or warranty allegedly made by Rapid.

TWENTY-NINTH AFFIRMATIVE DEFENSE

As to all causes of action pleaded in the Complaint which are based upon express or implied warranties and/or representations, such causes of action are legally insufficient as against Rapid by reason of their failure to allege privity of contract between the plaintiff and Rapid.

THIRTIETH AFFIRMATIVE DEFENSE

In the event that any breach of warranty is proven, plaintiff failed to give proper and prompt notice of any such breach of warranty to Rapid.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Any oral warranties upon which plaintiff relied are inadmissible and unavailable because of the provisions of the applicable Statute of Frauds.

THIRTY-SECOND AFFIRMATIVE DEFENSE

At the time of the injuries alleged in the Complaint, plaintiff was employed and was entitled to and did receive worker's compensation benefits from his employer. If the conditions as alleged in plaintiff's Complaint are found to have existed, the plaintiff's employer was negligent and careless in and about the matters referred to in said Complaint and said negligence on the part of the employer proximately caused or contributed to the injuries and damages, if any, complained of by plaintiff and, further, plaintiff's employer assumed the risk of the injury to the plaintiff, if any, in that at the time and place of the incident such conditions, if any, were open and apparent and were fully known to the plaintiff's employer; by reason thereof, Rapid is entitled to set off any compensation benefits received or to be received by the plaintiff against any judgment which may be rendered in favor of the plaintiff herein.

THIRTY-THIRD AFFIRMATIVE DEFENSE

The causes of action may not be maintained because of arbitration and award, collateral estoppel, a discharge in bankruptcy, infancy (or some other disability) of the plaintiff, payment, release and/or res judicata.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has released, settled, entered into an accord and satisfaction or otherwise compromised his/her claims herein, and accordingly, said claims are barred by operation of law. Alternatively, plaintiff has accepted compensation as partial settlement of those claims for which this defendant is entitled to set-off.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action for exemplary or punitive damages is barred because such damages are not recoverable or warranted in this action.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the due process clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Rhode Island State Constitution.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the Untied States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 8 of the Rhode Island State Constitution prohibiting the imposition of excessive fines.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, Section 2 of the Rhode Island State Constitution.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred by the "ex post facto" clause of Article I, Section 10 of the United States Constitution.

## FORTIETH AFFIRMATIVE DEFENSE

This defendant reserves the right to respond and assert defenses with respect to causes of action which have been dismissed, should they be reinstated through subsequent appeal after verdict.

FORTY-FIRST AFFIRMATIVE DEFENSE

Rapid incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants.

Defendant,
RAPID-AMERICAN CORPORATION
By Its Attorneys:

By: ______________________
Mark P. Dolan, Esq. (#3280)

RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903
Phone: (401) 272-8800
*Fax: (401) 421-7218*

SONNENSCHEIN NATH & ROSENTHAL, LLP
1221 Avenue of the Americas, 24th Floor
New York, NY 10020

DATED: 9/15/05

The defendant Rapid-American Corporation hereby claims a trial by jury.

Defendant,
RAPID-AMERICAN CORPORATION
By Its Attorneys:

By: ______________________
Mark P. Dolan, Esq. (#3280)

RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903

SONNENSCHEIN NATH & ROSENTHAL, LLP
1221 Avenue of the Americas, 24th Floor
New York, NY 10020

Dated: 9/15/05

**CROSS-CLAIM OF THE DEFENDANT RAPID-AMERICAN CORPORATION AS TO ALL OTHER DEFENDANTS**

1. If plaintiff sustained damages as set forth in plaintiff's Complaint through any carelessness, recklessness, and/or negligence, other than that of plaintiff himself, including but not limited to, the manufacture and distribution of asbestos product, breach of warranty or misrepresentations, either express or implied, and in strict liability in tort, these damages will have been caused and brought about by reason of the carelessness, recklessness, and/or negligence of the other defendants.

2. If the plaintiff should recover a judgment against Rapid by operation of law or otherwise, Rapid will be entitled to a judgment for contribution and/or indemnity over and against its co-defendants, their agents, servants and/or employees, by reason of their carelessness, recklessness and/or negligence, for the amount of any such recovery, or a portion thereof, in accordance with principles of law regarding apportionment of fault and damages along with costs, disbursements and reasonable expenses of the investigation and defense of this action, including reasonable attorneys' fees.

**WHEREFORE, Rapid-American Corporation** demands judgment dismissing plaintiff's Complaint, with costs and disbursements, and in the event of any judgment against Rapid, it demands a judgment for indemnity and/or contribution over and against the other defendants for the amount of any such recovery, or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs and disbursements, including reasonable attorneys' fees.

Defendant and Cross-Claimant,
RAPID-AMERICAN CORPORATION
By Its Attorneys:

By: ______________________
Mark P. Dolan, Esq. (#3280)
RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903
Phone: (401) 272-8800
*Fax: (401) 421-7218*

SONNENSCHEIN NATH & ROSENTHAL, LLP
1221 Avenue of the Americas, 24th Floor
New York, NY 10020

Dated: 7/15/05

## ANSWER TO ALL CROSS-CLAIMS

Rapid-American Corporation adopts the Model Answer to Cross-Claims as set forth in Judge Gibney's Order of December 3, 1996, In Re: Asbestos Litigation, Master File, Civil Action No. 96-9999, Providence Superior Court.

Defendant and Cross-Claim Defendant,
RAPID-AMERICAN CORPORATION
By Its Attorneys:

By: ______________________
Mark P. Dolan, Esq. (#3280)
RICE, DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903
Phone: (401) 272-8800
*Fax: (401) 421-7218*

SONNENSCHEIN NATH & ROSENTHAL, LLP
1221 Avenue of the Americas, 24th Floor
New York, NY 10020

DATED: 9/15/05

## CERTIFICATION

I hereby certify that I sent a true copy of the within Answer and Cross-Claim and Answer to Cross-Claims to the following counsel of record:

John F. Early, Esq.
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

(See attached "Counsel List")

Dated: 9/15/05 ______________________

"EXHIBIT A"

State of Rhode Island and Providence Plantations
Barbara M. Leonard
*Secretary of State*
100 North Main Street
Providence, Rhode Island
02903-1335

I, Pamela L. Palumbo, Acting Deputy Secretary of State of the State of Rhode Island and Providence Plantations, HEREBY CERTIFY that for

RAPID-AMERICAN CORPORATION

we find no listing either as a Rhode Island corporation or a foreign corporation, limited partnership or fictitious business name, active or inactive, qualified to do business in this State according to the General Laws of 1956, as amended.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the State of Rhode Island this twenty-third day of June , A.D. 1994

Pamela L. Palumbo

Acting Deputy Secretary of State

DEFENSE COUNSEL LIST

AC and S. Inc.: and
Pittsburgh-Corning Corporation: and
United States Mineral Products Co.:

Kenneth R. Neal, Esq.
Danaher, Tedford, Lagnese & Neal
700 Capitol Place, 21 Oak Street
Hartford, CT 06106-8000

A.P. Greene Industries. Inc.: and
Amchem Products. Inc.: and
Armstrong World Industries.: and
Asbestos Claims Management Co. f/k/a
National Gypsum Company: and
Flexitallic Gasket Company: and
GAF Corporation: and
Georgia Pacific Corp.. and
Harbison-Walker Refractories
D.B. Riley f/k/a Riley Stoker Corp.: and
Turner & Newell. PLC: and
United States Gypsum:

Lawrence G. Cetrulo, Esq.
Cetrulo & Capone
53 State Street
Boston, MA 02109

Borg-Warner Corporation:
Rutland Fire Clay Company:

Elizabeth M. Fahey, Esq.
Judith A. Perritano, Esq.
Pierce, Davis, Fahey & Perritano
10 Winthrop Square
Boston, MA 02110-1257

CBS Corporation (f/k/a)
Westinghouse Electric Corp.:

Thomas W. Lyons, III, Esq.
Strauss, Factor & Lopes
403 South Main Street
Providence, RI 02903

Combustion Engineering. Inc.. and
General Refractories Company:

Thomas C. Angelone, Esq.
Hodosh, Spinella & Angelone
128 Dorrance Street
Providence, RI 02901-1516

Eastern Refractories. Co.. Inc.:

William M. Heffernan, Esq.
Heffernan & Gilson
155 Westminster Street, Ste. 1200
Providence, RI 02903
- and -
Peter G. Hermes, Esq.
Peter C. Netburn, Esq.
Hermes, Netburn, Sommerville & O'Connor
111 Devonshire Street, 8th Floor
Boston, MA 02109

The Flintkote Company. and
Flintkote Mines. Ltd.. and
Packings & Insulation Corp: and
P.I.C. Contractors. Inc.:

Mart T. Nugent, Esq.
William T. Purdue, Esq.
Morrison, Mahoney & Miller
One Providence Washington Plaza
Providence, RI 02903
- and -
Douglas R. Carrns, Esq.
Morrison, Mahoney & Miller
250 Summer Street
Boston, MA 02210

Foster Wheeler Corp.:

John R. Mahoney, Esq.
Edward W. Moses, Esq.
Asquith, Mahoney & Robinson
155 South Main Street
Providence, RI 02903

Garlock, Inc.:

Francis A. Connor, III, Esq.
Craig R. Waksler, Esq.
Taylor, Duane, Barton & Gilman, LLP
Ten Dorrance Street, Suite 700
Providence, RI 02903
- and -
Richard Lawlor, Esq.
Whitman, Breed, Abbott & Morgan
100 Field Point Road
Greenwich, Connecticut 06836

General Electric Company:

Roy Fitzpatrick, Esq.
Jeffrey King, Esq.
Kirkpatrick & Lockhart, LLP
One International Place
Boston, MA 02110-2637

J.H. France Refractories, Co.: and
H.B. Smith Co., Inc.:

Dennis S. Baluch, Esq.
Baluch, Gianfrancesco & Mathieu
155 South Main Street
Providence, RI 02903

John Crane, Inc.:

David Stillman, Esq.
Law Offices of Richard P. Barry
25 Braintree Hill Office Park, Suite 401
Braintree, MA 02184
- and -
Kevin C. Glavin, Esq.
Murray & Cutcliffe
155 South Main Street
Providence, RI 02903

Metropolitan Life Insurance Co.:

John H. Blish, Esq.
Staci L. Sayer, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Owens-Corning Fiberglass Corp.:

Patricia Sullivan, Esq.
Edwards & Angell
2700 Hospital Trust Tower
Providence, RI 02903
- and -
Sandra C. McCallion, Esq.
Debevoise & Plimpton
875 Third Avenue
New York, NY 10022

Owens-Illinois, Inc.:

Dennis J. McCarten, Esq.
Hanson, Curran, Parks & Whitman
146 Westminster Street
Providence, RI 02903
- and -
Peter J. Rubin, Esq.
Bernstein, Shur, Sawyer & Nelson
100 Middle Street, P.O. Box 9729
Portland, ME 04102

Plibrico Company; and
Weil MacLean Co., Inc.:

Richard B. Kirby, Esq.
Francis M. Lynch, Esq.
LeComte, Emanuelson, Montejunas & Doyle
1250 Hancock Street, Suite 815 N
Quincy, MA 02269-4339

Uniroyal, Inc.:

Fred A. Kelly, Jr., Esq.
Randall L. Souza, Esq.
Peabody & Brown
One Citizens Plaza
Providence, RI 02903
- and -
Dennis M. Duggan, Jr., Esq.
Melissa Bayer Tearney, Esq.
Peabody & Brown
101 Federal Street
Boston, MA 02110-1832

W.R. Grace & Co. - Conn.:

James J. McKenna, Esq.
McKenna & McCormick
128 Dorrance Street, Suite 330
Providence, RI 02903